STATE OF NEBRASKA, APPELLEE, v. MICHAEL ZEIGLER, APPELLANT.

215 N. W. 2d 80

Filed February 14, 1974.   No. 39169.

Padley & Dudden and David T. Schroeder, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and FLORY, District Judge.

SPENCER, J.

The jury found defendant guilty of the offense of breaking and entering with the intent to steal property of value. He was sentenced to a term of not less than 1 nor more than 3 years in the Nebraska Penal and Correctional Complex. Defendant prosecutes this appeal, asserting the sentence imposed was arbitrary, unreasonable, and not warranted by the circumstances. We affirm.

The only issue involved herein is the excessiveness of the sentence. This was defendant's first felony conviction. Defendant, who at the time was 18 years of age, argues that he should have been placed on probation.

Defendant throughout the prosecution denied his involvement in the breakin. The evidence of his participation, which appears very credible, was believed by the jury.

While defendant has had no previous felony conviction, he has not been a model citizen. In 1969, he was on 6-months probation under the North Platte youth bureau for petit larceny. In 1970, he was charged with destruction of property, and in October of 1971, with vandalism of a schoool. Six days later, he was fined for negligent driving, and 3 days later was charged and fined for petit larceny for stealing personal property from a parked automobile. Previous to the present offense he was again fined for negligent driving and while on bond herein was charged with procuring liquor for minors. That case was pending at the time of the sentencing herein.

It is evident the 6 months defendant served on probation had little or no rehabilitative effect. The petit larceny charges and procuring liquor for minors are serious offenses even though they are only misdemeanors. In view of his past record, defendant's insistence on his innocence in the face of strong evidence otherwise undoubtedly indicated to the trial judge that his attitude was not yet conducive to rehabilitation.

On this record, we cannot say that the trial judge abused his discretion in accepting the recommendation of the probation officer that defendant not be placed on probation. We have repeatedly said that a sentence imposed within the statutory limits will not be disturbed on appeal unless an abuse of discretion appears in the record. State v. Haines (1973), 190 Neb. 645, 211 N. W. 2d 414.

The judgment of the District Court is affirmed.

AFFIRMED.