STATE OF NEBRASKA, APPELLEE, v. NARCISSE MERRICK, JR., APPELLANT.

219 N. W. 2d 232

Filed June 20, 1974. No. 39402.

T. Clement Gaughan and Richard L. 'Goos, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant, pursuant to a plea bargain, entered pleas of nolo contendere to a charge of escape from custody and a charge of assault with intent to commit rape. A charge of assault with intent to inflict great bodily injury was dismissed. Defendant was sentenced to 1 year on the escape offense, and 3 to 5 years on the offense of assault with intent to commit rape. These sentences were imposed consecutively with each other and with the sentence defendant was serving prior to his escape. The only issues raised on appeal are whether the trial court erred in imposing consecutive sentences and whether the sentences imposed are excessive. We affirm.

The statutory confinement penalty for escape or breaking custody is not less than 1 year nor more than 10 years. § 28-736, R. R. S. 1943. The statutory penalty for assault with intent to commit rape is not more than 15 nor less than 2 years. § 28-409, R. R. S. 1943. It is evident that defendant received a minimum penalty on the charge of escape.

In the attempt to commit rape, the defendant used a knife. The victim, an elderly lady, sustained knife

wounds requiring 42 stitches. She also sustained some permanent disability as a result of the assault. The attempt was frustrated by the appearance of two family members. It would seem a sentence of 3 to 5 years would be a minimum one under the circumstances.

Defendant had no prior felonies except the one for which he was serving time when he broke custody. A sentence imposed within the statutory limits will not be disturbed on appeal unless an abuse of discretion appears in the record. State v. Zeigler (1974), 191 Neb. 322, 215 N. W. 2d 80. On this record it is apparent that the trial judge did not abuse his discretion.

Defendant contends that the trial court erred in refusing to have the imposed sentences run concurrently rather than consecutively. While the District Court may impose concurrent sentences, it is under no obligation to do so. This court has previously held a court may properly sentence a convicted criminal to consecutive terms in the penitentiary for separate offenses. Culpen v. Hann (1954), 158 Neb. 390, 63 N. W. 2d 157.

In view of the minimum sentences imposed on defendant we find the trial judge properly imposed consecutive rather than concurrent sentences.

For the reasons stated, the judgment of the trial court is affirmed.

AFFIRMED.