STATE OF NEBRASKA, APPELLEE, v. MICHAEL L. CANNADY, APPELLANT.

222 N. W. 2d 110

Filed October 3, 1974. No. 39424.

, T. Clement Gaughan, Richard L. Goos, and Robert I. Eberly, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant pled nolo contendere to the felony offense of forgery. He was sentenced to a term of not less than 2 nor more than 3 years in the Nebraska Penal and Correctional Complex, said sentence to be consecutive to any now being served or to be served by defendant. Defendant contends the sentence is excessive because the court failed to make it concurrent to the sentence yet to be served in the Ohio State Penitentiary. We affirm.

The presentence report indicates defendant has had difficulties with the law practically without interrup· tion since 1953. In 1961 he pled guilty to breaking and entering. Subsequently he was twice charged with parole violations. In January 1972 he was charged with armed robbery and receiving stolen property. In June 1972 he was convicted of unarmed robbery and sentenced to 1 to 25 years in the Ohio State Penitentiary.

He escaped on August 31, 1972. The State of Ohio has filed a detainer against him. In addition to the sentence to be served in Ohio, he could be charged with escape from custody.

Section 28-601, R. S. Supp., 1972, prescribes a penalty of not less than 1 year nor more than 20 years, and a fine not exceeding $500 for the felony offense of forgery. We have repeatedly held that where the punishment of an offense created by statute is left to the discretion of the court to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed on appeal unless there appears to be an abuse of discretion. State v. Cano (1974), 191 Neb. 709, 217 N. W. 2d 480.

Exactly how much time defendant will be required to serve on the Ohio sentence we do not know, but it could be a substantial number of years. However, if this court were to make the Nebraska sentence concurrent to the Ohio sentence, it would in effect amount to no sentence at all and defendant would go unpunished for the crime he committed in this state. It is frivolous to suggest that the refusal of the trial court to adopt such position was an abuse of discretion.

The judgment is affirmed.

AFFIRMED.