STATE OF NEBRASKA, APPELLEE, v. EDWARD WADE, APPELLANT.

227 N. W. 2d 400

Filed March 27, 1975. No. 39627.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

In a prosecution for forcible rape the defendant was sentenced to an indeterminate period of 7 to 10 years. The sole question presented here is the excessiveness of the sentence. We affirm the judgment and sentence of the District Court.

If the sentence imposed is within the statutory limits it will not be disturbed by this court on appeal in the absence of an abuse of judicial discretion. State v. Merrick, 192 Neb. 157, 219 N. W. 2d 232. The statutory penalty, fixed at 3 to 50 years imprisonment, indicates a legislative determination of the very serious nature of this type of violent crime. The facts in this case present no picture of an isolated attack by an individual under any mitigating circumstances. It presents a deliberate and premeditated attack by the defendant in concert with two other individuals continued over a time span that would indicate punishment in the higher ranges of the permissible 50-year sentence provided by statute. Two girls, each 16 years of age, were peaceably driving an automobile upon a public street in the City of Omaha, Nebraska, at approximately 2:30 a.m. A van, occupied by the defendant and two companions, commenced following the girls. Shortly thereafter, the van forced the car over to the side of the road where it was compelled to stop in order to avoid collision with a parked vehicle. Thereupon the other girl grabbed the car keys, jumped from the car, and fled. One of defendant's companions pursued, caught the girl, pushed her down, and pointed a shotgun at her, thereby retrieving the keys. In the meanwhile, during the chase the other two men had forced the victim of this rape into the van; and when the third man returned with the keys and entered the vehicle the group drove to a secluded area of the city and parked. At that time the

defendant made it known that they intended to engage in sexual relations with the victim. She was directed to remove her jeans, but she refused. Thereupon, she was forced into the rear of the vehicle. At this point one of the trio of men renewed the order for the victim to remove her jeans and announced that her jaw would be broken if she refused. Following the threat, the victim complied; and each of the three men then engaged in a completed act of sexual intercourse with the girl. The defendant entered a plea of guilty. The facts above set forth are taken from the presentence investigation report, and no effort is made by the defendant to utilize the provisions of section 29-2261 (5), R. S. Supp., 1974, for the purpose of rectifying any inaccuracy in the report.

It also appears that the defendant has a record of numerous misdemeanor convictions, has been charged with felonious assault, and that at the time of the filing of the presentence report an auto theft charge was pending against the defendant. We observe that the trial court is not limited in its discretion to any mathematically applied set of factors. It is necessarily a subjective judgment, and includes the sentencing judge's observation as to demeanor, attitude, and all the facts and circumstances surrounding the life of the defendant. Some of these factors were recently reviewed in State v. Etchison, 188 Neb. 134, 195 N. W. 2d 498, and will not be repeated here. We come to the conclusion that the record shows no abuse of discretion by the trial judge in imposing the sentence that he did and that the sentence should be affirmed.

The defendant seriously urges that our reduction of a sentence in State v. Thunder Hawk, 188 Neb. 294, 196 N. W. 2d 194, dictates a reduction of the sentence in this case. As we have pointed out, mathematical equality of sentences cannot be achieved in the context of the necessity for individualized sentencing required under Nebraska law. The fundamental difference be-

tween State v. Thunder Hawk, *supra*, and this case is that in the former the defendant was convicted only of assault to commit rape. The penalty for assault with intent to commit rape has been fixed by the Legislature at only 2 to 15 years imprisonment. § 28-409, R. R. S. 1943. Considering that factor and the further one involved in this case of a concerted and brutal attack by the defendant in concert with two other individuals, it would appear that the sentence of 7 to 10 years is not in conflict with the Thunder Hawk reduction of sentence.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.