STATE OF NEBRASKA, APPELLEE, v. WILLIAM R. O'KELLY, APPELLANT.

227 N. W. 2d 415

Filed March 27, 1975. No. 39717.

Paul E. Watts, J. Joseph McQuillan, Gerald E. Moran, and George R. Sornberger, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before SPENCER, BOSLAUGH, and BRODKEY, JJ., and HASTINGS and CLARK, District Judges.

SPENCER, J.

Defendant, William R. O'Kelly, prosecutes this appeal

from a conviction of burglary and possession of burglary tools. Defendant was tried jointly with Grover C. Robinson and William E. Micek but prosecuted a separate appeal.

The facts are set out in State v. Micek and Robinson, *ante* p. 379, 227 N. W. 2d 409, and will not be repeated herein except as necessary. Defendant alleges six assignments of error: (1) Failure of the trial court to sustain his motion to suppress physical evidence; (2) failure to sustain his motion for a mistrial for prejudicial questions; (3) failure to sustain his motion for a mistrial on the ground that the prosecution failed to comply with a mutual order for discovery; (4) the giving of an aider and abettor instruction; (5) imposition of a sentence of 7 years for the possession of burglary tools; and (6) in not making defendant's sentence concurrent with a sentence previously imposed by the District Court for Pottawattamie County, Iowa. We affirm as modified.

The motion to suppress has been adequately answered in State v. Micek and Robinson, *supra,* and will not be further discussed herein.

Defendant's second assignment of error is directed to prosecution questions attempting to show that his wife Elizabeth O'Kelly was present at the Micek residence at approximately 5 a.m. the same morning as the burglary. Many objections were posed to this line of questioning. The court then held a hearing outside the presence of the jury and determined that this line of questioning should not be continued. When the jurors were called back the, trial court admonished them to disregard the objectionable questions and answers. Other than defendant's statement that the questions were prejudicial, there is not a scintilla of evidence that they were so. When the jury is admonished to disregard objectionable questions and answers a mistrial ordinarily will not be granted. State v. Schumacher (1972), 189 Neb. 138, 201 N. W. 2d 249. The court's

admonition sufficiently cured any possible prejudice, certainly in the absence of some proof otherwise.

O'Kelly's third assignment of error argues that the prosecutor did not comply with a reciprocal discovery order. The facts as evidenced in the bill of exceptions and in the prosecutor's affidavit indicate any delay was brought about by defense counsel's conduct. The prosecutor's affidavit explains that he had informed counsel for defendant that a tool and some rubber boots removed from the car defendant occupied, as well as some pieces of plasterboard removed from the burglary site, had been sent to the F.B.I. for testing and that the agents would testify to similarities they found between the plasterboard and articles of plaster found on the tool and rubber boots. The affidavit further states that after the trial was underway, the prosecutor learned that appellant intended to rely on an alibi defense. To meet this, the prosecutor asked an F.B.I. agent to run new tests which were intended to determine whether or not there were plasterboard particles on the defendant's clothing. These tests were made at a local hospital after 7 p.m. The witness was called to testify the next morning within a very few hours after the tests were completed. The prosecutor cannot be faulted under the circumstances. He proceeded with due diligence when he learned new tests were necessary. A discovery order is a two-way street. The trial court did not abuse its discretion in overruling defendant's motion for a mistrial on the facts herein.

There was sufficient evidence to give the aider and abettor instruction about which defendant complains. Defendant, with Robinson and Micek, was found riding in a car which contained stolen meat and burglary tools. The initial explanation of their whereabouts was totally inconsistent with other facts known to the police officers. Subsequently, Robinson and O'Kelly asserted an alibi defense. When the deputy sheriff was approaching the car after it was stopped, he observed

Robinson throw his leg over a cloth covering the stolen meat in the back seat. These few factors, which represent only a part of the evidence, are sufficient to warrant an aiding and abetting instruction.

Defendant's second attack upon the instruction concerns its form. The instruction does not include the entire instruction as it is set out in NJI No. 14.12. Unless an error can be considered prejudicial to the rights of a defendant it may not be considered as ground for reversal. Defendant has failed to show how he was in fact prejudiced by the instruction as given. Other than the mere statement that the instruction was prejudicial, defendant has adduced no proof of prejudice that could be a ground for reversal.

O'Kelly's fifth assignment of error has merit. He was sentenced to 7 years for possession of burglary tools. Section 28-534, R. R. S. 1943, provides that a person so convicted shall be punished by confinement in the Nebraska Penal and Correctional Complex for not less than 1 year nor more than 5 years. The sentence imposed therefore was erroneous. The sentence imposed was to run concurrently with the 10-year sentence imposed on the burglary count. Under the circumstances, we reduce the sentence for possession of burglary tools to the statutory sentence of not less than 1 year nor more than 5 years, and direct that it be concurrent to the sentence for burglary.

In defendant's last assignment of error, he argues that his sentences should run concurrently with a sentence imposed upon him in Iowa. In State v. Rodman (1974), 192 Neb. 403, 222 N. W. 2d 109, we said: "It is within the discretion of the District Court to direct that sentences imposed for separate crimes be served consecutively." In State v. Cannady (1974), 192 Neb. 404, 222 N. W. 2d 110, the defendant contended that the District Court for Lancaster County, Nebraska, should make a sentence concurrent to one defendant was required to serve in Ohio. We there said: "* * * if this court

were to make the Nebraska sentence concurrent to the Ohio sentence, it would in effect amount to no sentence at all and defendant would go unpunished for the crime he committed in this state. It is frivolous to suggest that the refusal of the trial court to adopt such position was an abuse of discretion." That opinion is controlling on this point.

For the reasons given, there is no merit to any of the defendant's assignments of error except the fifth. We modify the sentence for possession of burglary tools from 7 years to 1 to 5 years, to run concurrently with the sentence imposed for burglary. In all other respects the judgment is affirmed.

AFFIRMED AS MODIFIED.