STATE OF NEBRASKA, APPELLEE, V. ELMER RUBEN
GOCHENOUR, APPELLANT.
230 N. W. 2d 90
Filed May 22, 1975. No. 39848.

T. Clement Gaughan and Dennis G. Carlson, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

Defendant was charged with two counts of forgery. Pursuant to plea bargaining between his attorney and the county attorney's office, he entered a plea of nolo contendere to count I, and the second charge was dismissed. The District Court sentenced the defendant to a term of imprisonment from 3 to 5 years in the Nebraska Penal and Correctional Complex and ordered him to pay a fine of $5 and the costs of the action, the "term to be consecutive to the present term or terms now being served." At the time, the defendant was serving a term of 18 months imposed by the federal District Court for the criminal offense of escaping custody.

In this appeal he alleges: (1) The court erred in failing to run the sentence concurrent with the term previously imposed by the federal court, and (2) the sentence was excessive. We affirm.

The first assignment of error has been considered and decided in the recent case of State v. O'Kelly, *ante* p. 390, 227 N. W. 2d 415 (1975). We quote from the opinion in that case: "In defendant's last assignment of error, he argues that his sentences should run concurrently with a sentence imposed upon him in Iowa. In State v. Rodman (1974), 192 Neb. 403, 222 N. W. 2d 109, we said: 'It is within the discretion of the District Court to direct that sentences imposed for separate crimes be served consecutively.' In State v. Cannady (1974), 192 Neb. 404, 222 N. W. 2d 110, the defendant contended that the District Court for Lancaster County, Nebraska, should make a sentence concurrent to one defendant was required to serve in Ohio. We there said: '* * * if this court were to make the Nebraska sentence concurrent to the Ohio sentence, it would in effect amount to no sentence at all and defendant would go unpunished for the crime he committed in this state. It is frivolous to suggest that the refusal of the trial court to adopt such position was an abuse of discretion.' That opinion is controlling on this point."

The defendant's claim that the sentence imposed upon him was excessive is likewise without merit. At the time of sentencing the defendant, the court made the following comments: "All right, the record shows that you have a record that can only be called terrible. You are one of the few persons I think can really be said that it seems when you are not institutionalized, you are committing crimes. The only time you are not committing crimes is when you are in prison. It's true that you apparently have an alcoholism problem, but some of these crimes you were involved in were pretty cunningly conducted. It took a lot of planning and conniving to commit them. It could be this alcoholism is just something very convenient to talk about when you are being sentenced and facing the judge." We have before us the presentence investigation report compiled by an adult probation officer, and suffice it to say that report com-

pletely substantiates the comments of the trial judge. In addition to a number of very serious felonies, it also discloses a clear pattern of bad check writing. Under the provisions of section 28-601, R. S. Supp., 1974, the penalty for forgery is imprisonment in the Nebraska Penal Complex for a space of time not exceeding 20 years nor less than 1 year, and the payment of a fine not exceeding $500. A sentence imposed within statutory limits will not be disturbed on appeal unless an abuse of discretion appears in the record. State v. Zeigler, 191 Neb. 322, 215 N. W. 2d 80 (1974). Defendant's sentence in this case is well within the statutory limits and no abuse of discretion appears in the record.

AFFIRMED.