STATE OF NEBRASKA, APPELLEE, v. JAMES L. SUTTLE,
APPELLANT.

232 N. W. 2d 33

Filed August 7, 1975. No. 39902.

T. Clement Gaughan and Richard L. Goos, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The sole issue presented in this case is whether the sentence, on a charge of conspiracy, for a period of 2 years in the Nebraska Penal and Correctional Complex, is excessive.

The defendant was arraigned on a charge of conspiracy, and in the presence of his attorney, on September 23, 1974, entered a plea of guilty pursuant to a plea bargain. Sentence was deferred pending receipt of a presentence investigation report. Allocution was had on November 14, 1974, at which time, the defendant, in the presence of his counsel in open court, was sentenced as above stated. Credit was given for 46 days spent in custody awaiting trial.

We test the sentence to see if there was an abuse of discretion under the applicable rule. See State v. Wade, 193 Neb. 365, 227 N. W. 2d 400. The presentence investigation report, to which the defendant took no exception, reveals that the sentence was the result of a plea agreement in which the defendant agreed to enter a plea of guilty and make restitution provided the State would amend the original charge of forgery to a charge of conspiracy, and provided further that the State would dismiss another felony complaint pending against him in the trial court. The factual basis for the plea reveals a serious offense. Prior to the conspiracy with

which he was charged, the defendant had taken or otherwise procured the purse of one Connie Kay Eppler from her apartment. The purse contained a checkbook, several forms of identification, and a bank withdrawal slip. Subsequent to obtaining the purse the defendant asked a Sandra K. Jenkins to sign the withdrawal slip as Connie Kay Eppler and present it to the drive-in teller at the bank. She carried out her part of the agreement and in the presence of the defendant the drive-in teller at the bank paid out to Sandra K. Jenkins $2,200. Miss Jenkins received a portion of the money and the defendant received a portion also. Subsequently both were apprehended at different times and places.

The presentence investigation report also details other matters which support the District Court's decision, which need not be repeated here.

It is manifest that there was no abuse of discretion under the applicable rule, and the judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.