STATE OF NEBRASKA, APPELLEE, V. ALBERT TWEEDY,
APPELLANT.
242 N. W. 2d 629
Filed May 26, 1976. No. 40423.

Willis G. Yoesel, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant, Albert Tweedy, pled guilty to unlawfully escaping from legal custody. He was sentenced to a term of 1 year in the Nebraska Penal and Correctional Complex. This sentence runs consecutively to another sentence imposed by the same court on the same day for auto theft.

The issues raised by the defendant are: (1) Excessiveness of the sentence by making it consecutive rather than concurrent; and (2) failure to allow him full credit for time spent in custody previous to sentencing. We affirm.

This is a companion case to State v. Melvin Tweedy (40421), *ante* p. 246, 242 N. W. 2d 626. Defendant is a cousin of Melvin Tweedy. Both Melvin and defendant were being held in the Saunders County jail for auto theft when they escaped from custody. Defendant was arrested in New Mexico, returned to Wahoo, Nebraska, and charged with feloniously escaping custody.

On August 13, 1975, defendant pled guilty to escape from legal custody. Defendant, who was 16 years of age, was represented by counsel. His parents and guardian had been notified of the charges against him. The proceedings fully complied with the ABA Standards Relating to Guilty Pleas, as prescribed by State v. Turner (1971), 186 Neb. 424, 183 N. W. 2d 763. On September 15, 1975, defendant was sentenced to a term of 1 year in the Nebraska Penal and Correctional Complex. He was given credit for the time he spent in custody in the county jail from August 13, 1975, when he entered his guilty plea, to the date of sentencing.

A sentence imposed within statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of discretion. On the record the sentence herein would be considered a minimal one. It is within the discretion of the District Court to direct that sentences be served consecutively. State v. Rodman (1974), 192 Neb. 403, 222 N. W. 2d 109. Our law is well settled. The action of the District Court in directing that sentences be served consecutively will not be disturbed on appeal unless the record shows an abuse of discretion. To have made defendant's sentence concurrent to the one imposed for auto theft would have permitted defendant to avoid punishment on this charge. As we said in State v. Melvin Tweedy (40421), *ante* p. 246, 242 N. W. 2d 626: "Deterrence is a factor which certainly must receive serious consideration in imposing sentences in cases of this type." There was no abuse of discretion in imposing a consecutive sentence.

Defendant's second assignment is patently frivolous. He was allowed credit for all time in custody after his arraignment on August 13, 1975. He was given no credit for the period from July 9 to July 12 when he escaped custody, or for the period after he was returned from Alamogordo, New Mexico, to August 13. Section 83-1,106(1), R. S. Supp., 1974, which is set out in State v. Melvin Tweedy (40422), *ante* p. 248, 242 N. W. 2d 627,

grants a broad discretion to the trial court on the credit to be given for prior time spent in custody as a result of conduct on which the charge is based. There was no abuse of discretion on the part of the trial judge in refusing to consider time spent in custody previous to the entry of the guilty plea.

The judgment is affirmed.

AFFIRMED.