STATE OF NEBRASKA, APPELLEE, v. MELVIN TWEEDY,
APPELLANT.

242 N. W. 2d 626

Filed May 26, 1976. No. 40421.

Willis G. Yoesel, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant, Melvin Tweedy, pled guilty to unlawfully escaping from legal custody. He was sentenced to a term of 1 year in the Nebraska Penal and Correctional Complex. This sentence runs consecutively to another sentence imposed by the same court on the same date for auto theft.

Defendant urges two assignments of error. (1) The excessiveness of the sentence by making it consecutive rather than concurrent with another sentence imposed on the defendant. (2) The failure to allow defendant full credit for time spent in custody previous to sentencing.

On July 12, 1975, defendant escaped from legal custody in the Saunders County jail while awaiting the disposition of three felony charges. Defendant, with two other individuals, forced a lock on the jail door, fled custody, and by means of two stolen automobiles left

the state. He was arrested in Alamogordo, New Mexico, returned to Wahoo, Nebraska, and charged with feloniously escaping custody.

On August 13, 1975, defendant pled guilty to escape from legal custody. The proceedings fully complied with the ABA Standards Relating to Guilty Pleas, as prescribed by State v. Turner (1971), 186 Neb. 424, 183 N. W. 2d 763. On September 15, 1975, defendant was sentenced to a term of 1 year in the Nebraska Penal and Correctional Complex. He was given credit for the time he spent in custody in the county jail from August 13, 1975, when he entered his guilty plea, to the date of sentencing.

A sentence imposed within statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of discretion. We have consistently held that it is within the discretion of the District Court to direct that sentences imposed for separate crimes be served consecutively. State v. Gochenour (1975), 193 Neb. 855, 230 N. W. 2d 90. Defendant was given a minimal sentence on the escape charge. To have made it concurrent to the sentence on the charge for which he was being held at the time of his escape would mean defendant would escape punishment for this offense. Deterrence is a factor which certainly must receive serious consideration in imposing sentence in cases of this type. There was no abuse of discretion.

Defendant's second assignment, that the court failed to allow him full credit for time served while awaiting sentencing in the Saunders County jail, is patently frivolous. He was allowed credit for all time in custody after his arraignment on August 13, 1975. He was given no credit for any time spent in the county jail previous to that time. It is this refusal that defendant challenges.

Section 83-1,106(1), R. S. Supp., 1974, the statute in question, grants a broad discretion to the trial court on the credit to be given for jail time. It provides that the sentencing judge may consider prior time spent in cus-

tody as a result of conduct on which the charge is based. Credit was allowed for the time defendant was awaiting sentencing pending the preparation of the presentence report and the illness of the presiding judge. Defendant received a minimum sentence for the offense. There is no merit to either of defendant's assignments.

The judgment is affirmed.

AFFIRMED.