STATE OF NEBRASKA, APPELLEE, v. MELVIN TWEEDY, APPELLANT.

242 N. W. 2d 627

Filed May 26, 1976. No. 40422.

Willis G. Yoesel, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant, Melvin Tweedy, pled guilty to unlawfully stealing an automobile. He was sentenced to a term of not less than 2 years nor more than 5 years in the Nebraska Penal and Correctional Complex. This sentence runs consecutively to a 1-year sentence imposed by the same court on the same date for escape from custody.

Defendant alleges the sentence is unduly excessive; should have been concurrent with the other sentence; and he should have been allowed full credit for the time served in the Saunders County jail while awaiting sentencing. We affirm.

Defendant feloniously stole a Dodge pickup on June 18, 1975. He was arrested and charged with the theft on July 9, 1975. Along with two other individuals he forced a lock on the jail door, fled custody, and by means of two other stolen automobiles left the state. He was arrested in Alamogordo, New Mexico, and returned to Wahoo, Nebraska.

On August 13, 1975, defendant entered a plea of guilty to feloniously stealing an automobile, the charge on which he was confined when he escaped custody. The arraignment proceedings fully complied with the ABA Standards Relating to Guilty Pleas as prescribed by State v. Turner (1971), 186 Neb. 424, 183 N. W. 2d 763. Defendant was sentenced on September 15, 1975, on this offense and on one for escape from custody.

Defendant urges the sentence is unduly excessive. In the absence of an abuse of discretion, a sentence imposed within statutory limits will not be disturbed on appeal. State v. Wade (1975), 193 Neb. 365, 227 N. W. 2d 400. The penalty provided by section 28-522, R. R. S. 1943, for stealing an automobile, is not less than 1 nor more than 10 years. Defendant was originally charged with two counts of ·auto theft, but as a result of a plea bargain one of the counts was dropped, along with a felony check charge. Defendant has had several past contacts with the authorities, including one for auto theft. The presentence report indicates defendant stole at least two cars to effect his escape from Nebraska when he broke from jail on this charge. On defendant's record, he received a minimum sentence herein.

Defendant argues the trial court erred in directing his sentence be served consecutively to the one imposed for breaking custody. There is no merit to this claim. In

State v. Rodman (1974), 192 Neb. 403, 222 N. W. 2d 109, we stated: "It was within the discretion of the District Court to direct that sentences be served consecutively." The action of the District Court in directing that sentences be served consecutively will not be disturbed on appeal unless the record shows an abuse of discretion. State v. Nokes (1975), 192 Neb. 844, 224 N. W. 2d 776. The action of the trial judge in directing the sentences be served consecutively was not an abuse of discretion.

Defendant further argues the court failed to allow him full credit for the time served while awaiting sentence in the county jail. There is no merit to this contention. Credit for time spent in custody is obtained in accordance with the provisions of section 83-1,106(1), R. S. Supp., 1974: "Credit against the maximum term and any minimum terms *may be given* to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This shall specifically include, but shall not be limited to, time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to delivery of the offender to the custody of the Division of Corrections." (Italics supplied.)

It is evident this statute gives the sentencing judge wide discretion in determining the extent to which such credit will be given in a particular case. The record in the escape from custody charge against the defendant shows that the trial judge gave the defendant credit for all time spent in custody subsequent to the entry of his plea therein. No abuse of discretion is shown in the record. The sentence was in all respects proper and the judgment is affirmed.

AFFIRMED.