Grover **ROBINSON**, Appellee,

v.

Robert F. **PARRATT**, Warden, Nebraska Penal and Correctional Complex, Appellant.

No. 76–1526.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1976.

Decided Dec. 8, 1976.

---

Terry R. Schaaf, Asst. Atty. Gen. (argued), Paul L. Douglas, Atty. Gen., Lincoln, Neb., on brief, for appellant.

J. William Gallup, Omaha, Neb. (argued) and on brief, for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and WEBSTER, Circuit Judges.

BRIGHT, Circuit Judge.

Grover Robinson, a Nebraska state prisoner, seeks habeas corpus relief from his convictions on counts of burglary and possession of burglary tools, and the concurrent sentences of 20 years imposed pursuant to those convictions. The federal district court (Chief Judge Warren K. Urbom) granted the writ, and the respondent, Robert F. Parratt, as warden of the Nebraska Penal and Correctional Complex, brings this appeal. We affirm.

The record discloses that Robinson and two codefendants, William Micek and William O'Kelley, were tried together. A single attorney, J. William Gallup of Omaha, Nebraska, represented both Robinson and Micek, while O'Kelley was represented separately. On the eve of trial, and after a jury had been impaneled, the attorney representing Robinson and Micek sought, on behalf of Micek, to sever the joint prosecution against the two men on grounds that a conflict of interest had developed in the representation of his two clients which would deprive one or both defendants of effective assistance of counsel. The state trial court denied the motion and required that the trial proceed as scheduled. Attorney Gallup continued to represent both defendants. Following conviction, both Robinson and Micek appealed on several grounds, including the claim that each had been denied the effective assistance of counsel guaranteed by the sixth and fourteenth amendments. The Nebraska Supreme Court affirmed the convictions. *State v. Micek*, 193 Neb. 379, 227 N.W.2d 409 (1975). *See also State v. O'Kelley*, 193 Neb. 390, 227 N.W.2d 415 (1975). Thereafter Robinson and Micek filed separate habeas corpus petitions in federal court renewing the sixth amendment argument and other claims. Judge Urbom granted relief to Robinson alone, finding that Robinson was denied effective assistance of counsel. *Robinson v. Parratt, Warden*, 421 F.Supp. 664 (D.Neb.1976).

The facts, which are not in dispute for purposes of this appeal, disclose that Nebraska police in the early morning hours of

February 4, 1974, made an investigatory stop on the streets of Irvington, Nebraska, of an automobile registered to Micek. Robinson, O'Kelley, and Micek occupied the automobile. The stop led to the discovery of a quantity of large cuts of beef which had been obtained in a burglary at a nearby restaurant. All occupants of the vehicle were then arrested and later charged with burglary and possession of burglary tools.

Robinson and Micek planned as a defense against the charges to rely on alibis supported by different witnesses. Shortly before trial, Micek's alibi vanished when his witness became unavailable or refused to testify. Since there was some evidence to support the inference that the crime had been committed by one man, the sudden elimination of Micek's alibi defense weakened Micek's defense while opening an opportunity for Robinson to support his defense by pointing the finger at Micek as the sole burglar.

At the opening of the trial and at various times during the proceeding, Gallup moved for a severance of the Micek case because Robinson's defense had become antagonistic to Micek's and, therefore, one attorney could not represent the two defendants jointly. After presenting testimony relating to Micek's absent alibi witness, counsel explained:

> And my other client, Mr. Robinson, would like me to make the argument to the Jury that, conceivably, the burglar was Mr. Micek, and he was just an innocent passenger in the car.
>
> I would be derelict to Mr. Robinson if I didn't make that argument and, at the same time, if I made the argument in the same trial, I would be derelict to Mr. Micek.
>
> So, to protect myself and my two clients, I'm asking that we get a severance so I can give the proper attention to each defense. And at the present time, they are not compatible, and I am going to have a serious problem if I have to try them together because of this problem I have attempted to bring out on the record.

The state trial judge made it clear that the trial would continue:

> THE COURT: Oh, it's almost three months now since the alleged offense took place and the charges were filed. I think the Defendant, Micek, has had ample opportunity to prepare himself for trial. And this witness' deposition could have been taken quite some time ago, had Mr. Micek himself been diligent, not just his counsel. There's a responsibility on the part of the Defendants.
>
> We spent a long and difficult day Friday here of picking a Jury and had to set this special so that witnesses were available. The Defendants and their counsel knew for quite some time that it was going to come for special trial.
>
> The Court has arranged it, and it's at the request of the Defendants that the Court is working today on a holiday, not at the convenience of the Court or the prosecution.
>
> It would be far more convenient for the Court if the Court could have taken the holiday instead of having everybody down here, including the Court itself.
>
> And, as I say, it was for the Defendants' convenience that this was done.
>
> The Motion is overruled. We'll proceed to a consolodated [sic] trial. You may bring the Jury in.

Additionally, at the close of the Government's case, defense counsel called specific attention to his inability to properly defend Robinson, noting that the chief deputy county attorney had been advised of the problem and had recognized the conflict of interest. Attorney Gallup argued:

> * * * [T]wo of the Defendants have alibis, the Defendant Micek does not have an alibi. Mr. Robinson wants me to stand up in front of the Jury and accuse Mr. Micek, which I can't ethically do. And I have a serious conflict there.
>
> And I might state for the record that I brought this matter to the attention of Mr. Merwald last Friday following a conference with the Court. We then went to the office of the Chief Deputy County Attorney, Mr. James Murphy, who ad-

vised Mr. Merwald, in my presence, that we could not continue with consolodated [sic] trial and that I was entitled to a severance. And yet, following that conversation, Mr. Merwald appeared in this Court and argued not for a severance after being told by his Chief that I was entitled to one.

And I am now prejudiced, and am unable to properly represent the two Defendants in this trial. For that reason, I would again reiterate my Motion for a severance.

The state district judge again denied the severance motion.

The case against Robinson rested upon circumstantial evidence. The jury deliberated for two days before returning its verdict.

In granting Robinson habeas relief, Chief Judge Urbom relied on *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), in determining that Robinson was prejudiced by ineffective assistance of counsel at his trial. In *Glasser*, an attorney represented two defendants charged with conspiracy. The Supreme Court noted the high potential for conflict of interest at such a trial, and pointed to the attorney's failure to cross-examine one of the key witnesses and to make certain evidentiary objections as indicative of a conflict of interest. The Court said in that case:

Glasser wished the benefit of the undivided assistance of counsel of his own choice. We think that such a desire on the part of an accused should be respected. Irrespective of any conflict of interest the additional burden of representing another party may conceivably impair counsel's effectiveness.

To determine the precise degree of prejudice sustained by Glasser as a result of the court's appointment of Stewart as counsel for Kretske is at once difficult and unnecessary. The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial. Cf. *Snyder v. Massachusetts*, 291 U.S. 97, 116, [54

S.Ct. 330, 336, 78 L.Ed. 674, 90 A.L.R. 575]; *Tumey v. Ohio*, 273 U.S. 510, 535, [47 S.Ct. 437, 445, 71 L.Ed. 749, 50 A.L.R. 1243]; *Patton v. United States*, 281 U.S. 276, 292, [50 S.Ct. 253, 256, 74 L.Ed. 854, 70 A.L.R. 263]. And see *McCandless v. United States*, 298 U.S. 342, 347, [56 S.Ct. 764, 766, 80 L.Ed. 1205]. Of equal importance with the duty of the court to see that an accused has the assistance of counsel is its duty to refrain from embarrassing counsel in the defense of an accused by insisting, or indeed, even suggesting that counsel undertake to concurrently represent interests which might diverge from those of his first client, when the possibility of that divergence is brought home to the court. [*Glasser, supra*, 315 U.S. at 75–76, 62 S.Ct. at 467.]

In applying *Glasser* to this case, Judge Urbom commented on evidence supporting an inference that appellee Robinson did not enter Micek's car until after the burglary occurred. Judge Urbom added:

The difficulty lies in the fact that Robinson's counsel was foreclosed from arguing the full meaning of that inference. The fully developed inference was that Micek had completed the burglary before he picked up Robinson and O'Kelly a few minutes before being found with the carload of stolen meat. That kind of inference gives to Robinson and O'Kelly an explanation for their being in a car containing stolen meat without the pressure of trying to explain how the meat got there. Gallup [the attorney] could not point to Micek's guilt to shield Robinson, because he represented Micek. The conflict was thus real. [*Robinson, supra*, 421 F.Supp. at 671.]

■ Appellant argues that any conflict stemmed from fraud and deception practiced by Robinson and Micek upon their joint defense counsel. Such an argument derives no support from the record and we reject it.

■ Additionally, appellant contends that Robinson's consent to joint representation with his codefendant Micek precludes Robinson from raising an effective assist-

ance of counsel claim. Ethically, upon denial of the motion to sever, attorney Gallup should have informed his clients of the conflict, sought to withdraw from representation of one of the defendants, and requested a continuance to give the other defendant the time and opportunity to obtain separate counsel. However, in light of the state trial judge's emphatic statements that the consolidated trial must continue, we think it quite obvious that such a request would have been wholly futile and would have been denied. Moreover, the record does not permit us to conclude that Robinson knowingly waived his right to effective assistance of counsel with respect to the conflict between the codefendants' defenses.

Chief Judge Urbom's opinion in this case is persuasive. On that opinion, which we adopt, and for the reasons set forth herein, we affirm.