STATE OF NEBRASKA, APPELLEE, V. LOREN BARTHOLOMEW, APPELLANT.
322 N.W.2d 432

Filed July 23, 1982. No. 81-782.

Charles W. Balsiger, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

HASTINGS, J.

The defendant, Loren Bartholomew, was charged in the county court of Gage County with misdemeanor assault in the third degree, a violation of Neb. Rev. Stat. § 28-310(1)(a) (Reissue 1979), in that he "intentionally, knowingly, or recklessly cause[d] bodily injury to Pam Styers." He was tried to a jury, which returned a verdict of guilty. The court sentenced him to a term of 30 days in the county jail. In the District Court the judgment of conviction and the sentence imposed were affirmed.

The appellant has appealed to this court, specifying 13 separate errors. However, the alleged errors argued in the brief, and the only ones which we will consider on appeal, may be condensed to three: (1) Sufficiency of the evidence to support the verdict of guilty; (2) Failure of the court to instruct the jury that one of the elements of the crime which the State must prove beyond a reasonable doubt is the lack of justification for the use of force on the part of the defendant; and (3) Erroneous instruction regarding the affirmative defense of justification. We affirm.

The victim of this assault was 15-year-old Pamela Jean Styers. According to her testimony, the defendant is her uncle and she and her 17-year-old brother had been living with the defendant in his

trailer home in Beatrice. At about 8 a.m. on February 24, 1981, according to the victim, she was standing in the schoolyard, in front of the library, talking to a friend. All of a sudden, the defendant pulled up and came over to her, grabbed her by the hair, started hitting her, and forcibly placed her in the truck. She testified that he said, "I'm going to kill you," and started hitting her with his fists. The defendant then started driving down the street and continued to beat on her, both with his fists and by kicking her. Shortly thereafter, as related by the victim, the defendant stopped the truck and told her to get out, and he then took off a heavy leather belt and started beating her with the belt. She grabbed the belt and he threw it down and then got on top of her and started hitting her again. She claims that the beating went on for 15 or 20 minutes.

The victim contended that the blows were causing her pain, that she attempted to defend herself by hitting back at the defendant with her fist, and that she suffered bruises to her back, the facial area, and in the areas of the trunk, the arms, and her head.

According to the testimony of two independent witnesses, sisters who were students at the Southeast Community College at Fairbury, they observed the incident described by the victim. They said that about 8 o'clock they were driving down the street, following this pickup truck which then stopped, and as they drove by they recognized the defendant as the driver. They first saw him hitting some object which was located in the passenger seat. All they could see at first was hair and they thought that it was a dog he was striking. It made a sufficient impression upon the witnesses that they stopped their car in order to get the license number so they could notify the humane society. The witnesses described the blows as quite severe. In a short time they were able to observe that the object in the passenger seat was a girl, and the two sisters recognized her as the victim.

Several pictures of the victim were taken by a female employee of the Beatrice Police Department on the day of the assault, which were received in evidence and which show a great deal of bruising about various parts of the victim's body.

The mother of the victim testified and identified what was captioned a power of attorney, whereby she granted to the defendant power of attorney regarding the care, custody, and property of the victim under Neb. Rev. Stat. § 30-2604 (Reissue 1979).

The defendant testified in his own defense and stated that his niece, the victim, had not shown up at home all night the evening of February 23rd. According to the defendant, he did find the victim in the schoolyard, in front of the library, at about 7:45 a.m., and in what he described as a polite manner he tried to get her to get into the truck with him, but that she cursed at him and he had to forcibly put her into the truck. However, he denied pulling her hair or hitting her. According to his testimony, all the time he was driving, the victim continued to reach over to grab the steering wheel, striking out at him, and finally she caused him to lose control of the truck. Once the truck stopped, he said that he reached over and swatted her with an open hand. He denied that he ever struck the victim with his fist. He also denied that he ever took his belt off or that he ever struck her with his belt. The defendant testified that he felt responsible for his niece and it was not until after the victim struck him in the groin that he had any intention to physically discipline her.

As a part of his attack on the sufficiency of the evidence, the defendant insists that any conclusion that the victim's injuries were caused by the defendant must be based on circumstantial evidence. He goes on to argue that where such evidence is relied upon to prove an essential element of the crime, it must be of such nature as to exclude any other rea-

sonable conclusion than that of guilt of the accused. Although we believe that it was not necessary for the State in this instance to rely upon circumstantial evidence to support the defendant's conviction, we should point out that the rule advanced by the defendant is no longer the law in Nebraska. "The State is not required to disprove every hypothesis but that of guilt." *State v. Buchanan,* 210 Neb. 20, 28, 312 N.W.2d 684, 689 (1981).

It should be apparent from the brief recital of the facts above that the evidence was in conflict as to whether the defendant or the victim was the aggressor; the nature of the blows struck by the defendant; the severity of the injuries, if any, sustained by the victim; and whether or not the defendant was justified in using the force that he did. Assuming that the jury was properly instructed, the evidence was clearly sufficient to support the jury's verdict of guilty. We will not interfere with a conviction based upon evidence unless it is so lacking in probative force that as a matter of law it can be said that it is insufficient to support a verdict of guilty beyond a reasonable doubt. *State v. Ohler,* 208 Neb. 742, 305 N.W.2d 637 (1981).

By instruction No. 4, the trial court instructed the jury in part: "The material elements which the state must prove by evidence beyond a reasonable doubt in order to convict the defendant of the crime charged are: 1. That the defendant did intentionally, knowingly, or recklessly cause bodily injury to Pam Styers. 2. That he did so on or about the 24th day of February, 1981. 3. That he did so in the County of Gage, State of Nebraska. The state has the burden of proving beyond a reasonable doubt each and every one of the foregoing material elements necessary for conviction."

The defendant argues that he "requested the Court [to] instruct the jury concerning lack of justification for the use of force as a material element of the

crime charged," which the court failed to do. However, he overlooks instruction No. 11. In that instruction, the court set forth the various definitions relating to and circumstances under which acts of force may comprise the defense of justification as set forth in Neb. Rev. Stat. §§ 28-1406 et seq. (Reissue 1979). The instruction then concludes with the approved language of NJI 14.33 (Supp. 1975): "The State has the burden to prove by the evidence beyond a reasonable doubt that the force of the defendant claimed by him as a defense was not justified; there is no burden on the defendant to prove that his act of force was justified."

Reading instruction Nos. 4 and 11 together, it is apparent that the jury was required to find, beyond a reasonable doubt, that the State had proven lack of justification on the part of the defendant before it could find him guilty of the crime charged. "All the instructions must be read together and if the instructions taken as a whole correctly state the law, are not misleading, and adequately cover the issues, there is no prejudicial error." *State v. Bear Runner,* 198 Neb. 368, 373, 252 N.W.2d 638, 642 (1977).

The defendant's final assignment of error claims that the court's instruction No. 11, as to the defense of justification, was erroneous. A portion of that instruction is set out as follows: "1. Unlawful force shall mean force which is employed without the consent of the person against whom it is directed and the employment of which constitutes an offense or would constitute such offense except for a defense such as the absence of intent or negligence, not amounting to a privilege to use the force. 2. The use of force upon or toward another is justified when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion. *However, when the person threatened or attacked uses more force than*

*permitted by the above definition of self-defense, he is guilty of unlawful conduct and is criminally responsible therefor.''* (Emphasis supplied.) It is the part set out in italics of which the defendant complains. The approved language of NJI 14.33 (Supp. 1975) was in fact included in a later portion of the court's instruction No. 11: ''However, if the force used by the defendant, as shown by the evidence, was more than the justification described in this instruction, such force is not justified.''

The rules adopted by this court with reference to jury instructions require that whenever a Nebraska Jury Instruction is applicable and, from a consideration of the facts and prevailing law, the trial court determines that the jury should be instructed on the particular subject, the Nebraska Jury Instruction shall be used. NJI at IX (1969). The complained of portion of the court's instruction previously set forth clearly does not conform to NJI 14.33 and should not have been given.

However, we must not overlook the fact, as pointed out earlier in this opinion, that instruction No. 4 required the jury, before it could find the defendant guilty, to find beyond a reasonable doubt that the defendant did ''intentionally, knowingly, or recklessly cause bodily injury to Pam Styers,'' and, by instruction No. 11, that the State must prove beyond a reasonable doubt that the force which the defendant claimed he used was not justified. It would naturally follow that if the jury found the defendant knowingly caused bodily injury to the victim by using force not justified under the instructions, the jury must find him guilty. That is precisely what the criticized language, read together with instruction Nos. 4 and 11, directed the jury to do. Even though the court should not have used the precise language that it did, before such error can be considered as a ground for reversal, it must be considered prejudicial to the rights of the defendant. ''De-

fendant has failed to show how he was in fact prejudiced by the instruction as given. Other than the mere statement that the instruction was prejudicial, defendant has adduced no proof of prejudice that could be a ground for reversal." *State v. O'Kelly,* 193 Neb. 390, 393, 227 N.W.2d 415, 418 (1975).

Another portion of instruction No. 11 adequately informed the jury of the nature of the defense of justification insofar as it is applicable to the parental relationship involving a minor child. In other words, in order for the defense to be available under those circumstances, it required the jury to find that the defendant was responsible for the general care and supervision of the victim, and that any force which he used was for the purpose of promoting the minor's welfare, including her punishment. The instruction also directed that the use of force is not justified "when it is designed to cause or known to create a substantial risk of causing death, serious bodily harm, disfigurement, extreme pain or mental distress, or gross degradation." The defendant does not complain of that portion of the instruction, but does insist that the evidence was insufficient to support a guilty verdict because it failed to show that there was a substantial risk of causing one of the enumerated results. There are two answers to that contention. As we have previously indicated, the evidence was in conflict as to the severity of the injuries and the availability of the defense of justification, and was clearly a jury question. Secondly, the jury could have found that whatever force was employed was not used for the purpose of promoting the victim's welfare, which would make unnecessary the consideration of the "substantial risk" test.

The judgment and sentence of the District Court were correct and are affirmed.

AFFIRMED.