STATE OF NEBRASKA, APPELLEE, v. JOSEPH SAVIN,
APPELLANT.

238 N. W. 2d 911

Filed February 26, 1976. No. 40308.

Paul E. Watts, J. Joseph McQuillan, Gerald E. Moran, and Robert C. Sigler, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant pleaded nolo contendere to embezzlement and was sentenced to imprisonment for 1 to 3 years. On appeal he contends the sentence was excessive and he was denied the equal protection of the law.

The defendant is 29 years of age. He is divorced and the father of three children. He is required to pay alimony and child support in the amount of $650 per month. He was graduated from law school in 1971 and practiced law until late in 1974. Since 1974 the defendant has not had steady employment but has worked at several jobs. He has no prior criminal record.

The embezzlement took place in 1974. The defendant represented the guardian of two minor children. During 1974 he withdrew and converted in excess of $18,000 from guardianship funds. The money was used to pay debts and personal expenses of the defendant. The defendant has been unable to make his alimony and child

support payments, and has made no restitution in any amount.

The defendant contends he should have been placed on probation so that he could support his family and make restitution to the guardianship. Although several employers appeared and testified for the defendant, the record indicates it is very doubtful the defendant would have been able to meet his financial obligations if probation had been granted.

The equal protection argument is based on the theory the defendant was dealt with more harshly because he was a lawyer. The fact the defendant was a lawyer and callously abused the trust that had been placed in him justified a greater sentence than might have been imposed upon a person not occupying the professional status of the defendant. We find no merit in the contention the trial court should have disregarded the defendant's status and treated him as a person not schooled in the law and sworn to uphold it.

The circumstances of the crime justify the sentence which was imposed. We agree with the trial court that a failure to sentence the defendant to imprisonment would depreciate the seriousness of the offense and tend to promote disrespect for the law.

The judgment is affirmed.

AFFIRMED.