STATE OF NEBRASKA, APPELLEE, V. ALBERT TWEEDY, APPELLANT.

242 N. W. 2d 631

Filed May 26, 1976. No. 40424.

Willis G. Yoesel, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant, Albert Tweedy, pled guilty to unlawfully stealing an automobile. He was sentenced to a term of not less than 2 nor more than 5 years in the Nebraska Penal and Correctional Complex. This sentence runs consecutively to a 1-year sentence imposed by the same court on the same day for escape from custody. Three issues were argued in this appeal. (1) The sentence is unduly excessive. (2) It runs consecutively rather than concurrently with another sentence imposed the same

day. (3) It fails to allow the defendant full credit for time spent in custody previous to sentencing. We affirm.

Defendant was involved in the theft of two cars on June 18, 1975. He was arrested and charged on July 9, 1975. On July 12, 1975, with two other individuals he forced a lock on the jail door, fled custody, and by means of two other stolen automobiles left the state. He was arrested in Alamogordo, New Mexico, and returned to Wahoo, Nebraska.

On August 13, 1975, defendant entered a plea of guilty to feloniously stealing an automobile, one of the charges on which he was confined when he escaped custody. Defendant, who was only 16 years of age, was represented by counsel. His parents and guardian had been notified of the charges against him. The arraignment procedure fully complied with the ABA Standards Relating to Guilty Pleas as prescribed by State v. Turner (1971), 186 Neb. 424, 183 N. W. 2d 763. Defendant was sentenced on this offense and on one for escaping from custody on September 15, 1975.

This case is a companion one to State v. Melvin Tweedy (40422), *ante* p. 248, 242 N. W. 2d 627. What we said there is controlling herein.

We do not agree with the defendant that the sentence is unduly excessive. In the absence of an abuse of discretion, a sentence imposed within statutory limits will not be disturbed on appeal. State v. Wade (1975), 193 Neb. 365, 227 N. W. 2d 400. The penalty provided by section 28-522, R. R. S. 1943, for stealing an automobile is not less than 1 nor more than 10 years.

Defendant was originally charged with two counts of auto theft, but as a result of a plea bargain one other charge was dropped. While defendant has no previous felony convictions, he had been confined in the Boys' Training School at Kearney. His offenses among other things included a check charge, joyriding, and escape. In addition to another count for auto theft, which was

dropped as a result of a plea bargain herein, the defendant was involved in the theft of two other automobiles to effect his escape. On defendant's record the sentence herein could not possibly be said to be excessive.

Defendant argues the trial court erred in directing his sentence be served consecutively to the one imposed for breaking custody. There is no merit in that claim. What we said in the escape from custody case, State v. Albert Tweedy (40423), *ante* p. 251, 242 N. W. 2d 629, is applicable herein.

Defendant's third assignment is the failure of the court to allow him full credit for the time served while awaiting sentence in the county jail. This situation has also been fully set out in the other case and needs no further comment here.

We find no merit in any of the defendant's assignments. The sentence was in all respects proper and the judgment is affirmed.

AFFIRMED.