STATE OF NEBRASKA, APPELLEE, V. VINCENT LEE MICHON, APPELLANT.

254 N. W. 2d 80

Filed May 25, 1977. No. 41077.

T. Clement Gaughan and Toney J. Redman, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

The defendant and appellant herein, Vincent Lee Michon, was charged with sexual assault in the first degree and with being a habitual criminal in an information filed in the District Court for Lancaster

County on February 24, 1976. The defendant pled nolo contendere to the charge of first degree sexual assault, and the charge of being a habitual criminal was dismissed on motion of the county attorney. The defendant was sentenced to 3 years imprisonment in the Penal and Correctional Complex. He has now appealed from that sentence, contending that the trial court abused its discretion in imposing it, and that it is excessive. We affirm the sentence of the trial court.

Section 28-408.03, R. R. S. 1943, provides that a person convicted of sexual assault in the first degree shall be punished by imprisonment in the Penal Complex for not less than 1 year nor more than 25 years. The defendant was sentenced to a definite term of 3 years, which in effect was an indefinite term of 1 to 3 years under section 83-1,105 (2), R. S. Supp., 1976.

Defendant contends that he should have been given a sentence of probation because he would benefit most from a program of rehabilitation rather than imprisonment. He is 24 years old, has a wife and infant child, and was employed at the time of the offense. He has the equivalent of a high school education. The defendant's record, however, shows that he has four prior felony convictions, and has previously been sentenced to confinement in the Penal Complex. He also has a juvenile record indicating clashes with the law over a long period of time.

This court has repeatedly held that a sentence imposed within the statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of discretion on the part of the sentencing judge. State v. Tweedy, 196 Neb. 253, 242 N. W. 2d 631 (1976). Similarily, this court will not overturn an order of the trial court which denies probation unless there has been an abuse of discretion. State v. Frans, 192 Neb. 641, 223 N. W. 2d 490 (1974). In this case the defendant received the minimum sentence

provided for by the statute. In light of the serious nature of the crime to which defendant pled nolo contendere, and of defendant's previous felony convictions, it was not error for the trial court to impose the sentence which it did. There was no abuse of discretion and the sentence was not excessive. Therefore, the sentence of the District Court is affirmed.

AFFIRMED.