STATE OF NEBRASKA, APPELLEE, V. WILLIAM
TROUT, APPELLANT.

257 N. W. 2d 703

Filed September 28, 1977. No. 41236.

T. Clement Gaughan, Public Defender, and Richard L. Goos, Chief Deputy Public Defender, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, Assistant Attorney General, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

William Trout, defendant and appellant herein, was charged in the District Court for Lancaster County with embezzlement under section 28-538, R. R. S. 1943. Defendant pled guilty to the offense as charged, and was sentenced to imprisonment in the penal complex for not less than two nor more than five years. Defendant has appealed to this court, contending that the sentence imposed was excessive, and that the trial court erred and abused its discretion in not placing him on probation. We affirm the sentence of the District Court.

In 1975 and 1976 defendant was employed by the Family Service Association of Lincoln, a non-profit corporation providing child care services under the name of the Lincoln-Lancaster Child Care System. During this period defendant served as bookkeeper, and was later promoted to the position of program director. It is undisputed that the defendant embez-

zled more than \$15,000, and possibly as much as \$26,000, from his employer by opening an unauthorized revolving bank account, depositing therein State of Nebraska warrants payable to the Child Care System, and then using the funds for his own purposes. The motive for the crime was apparently that the defendant was under pressure from various creditors.

Defendant is 42 years old, divorced, and maintains a home for his daughter, who is seventeen years old. The presentence report shows that the defendant resigned from employment with his father in 1962 because he was misappropriating funds, although no charges were filed. In 1974 it was discovered that the defendant had forged transcripts of a state university in order to obtain employment with the Nebraska Department of Education and with a public school by falsely representing he held masters and bachelor of arts degrees. The initial charge of forgery was later reduced to a charge of obtaining money under false pretenses in connection with the forged transcripts, and defendant was ultimately fined \$100. When sentencing the defendant in this case, the trial court noted that the defendant had admitted guilt to a deliberate, premeditated crime which took place over a period of time; that defendant had embezzled while holding a position of trust; that the defendant's record indicated that he has a propensity for engaging in criminal conduct; and that a sentence of probation would depreciate the seriousness of the offense. The record sustains the conclusions of the trial court. However, defendant contends that he is deserving of a sentence of probation because he has indicated a willingness to make restitution for his crime, that incarceration would result in hardship to him and his daughter, whereas probation would enable him to live productively in the community. We do not find this argument compelling in this case.

It has long been the rule that where the sentence imposed is within the statutory limits, this court will not disturb the sentence on appeal absent an abuse of discretion on the part of the trial court. State v. Tweedy, 196 Neb. 253, 242 N. W. 2d 631 (1976). Similarly, an order which denies probation will not be overturned absent an abuse of discretion. State v. Frans, 192 Neb. 641, 223 N. W. 2d 490 (1974). The sentence imposed in this case was within the statutory limits of one to seven years as set forth in section 28-506, R. R. S. 1943. The serious nature of the crime to which defendant pled guilty, and the factors referred to by the trial court at the time of sentencing, clearly indicate that the court did not abuse its discretion in imposing the sentence upon the defendant, and the sentence of the District Court is therefore affirmed.

AFFIRMED.