STATE OF NEBRASKA, APPELLEE, v. WALTER A. SCHMIDTLINE, APPELLANT.

257 N. W. 2d 707

Filed September 28, 1977. No. 41304.

Judy L. Raetz, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, Assistant Attorney General, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

Walter A. Schmidtline, the defendant and appel-

lant herein, was charged in the District Court for Dawes County with two counts of arson in the second degree under section 28-504.02, R. R. S. 1943. Defendant pled nolo contendere to one of the counts, and the second count was dismissed. Defendant was sentenced to imprisonment in the penal complex for a term of two years. He has appealed to this court, contending that the sentence imposed was excessive. We affirm the sentence of the District Court.

The record shows that the defendant set two fires in Chadron, Nebraska, in October 1976, causing significant damage to buildings and other property on each occasion. Defendant was employed as a police officer at the time. The motive for setting the fires is not clear. Defendant received no monetary gain, did not appear to bear a grudge against the property owners or the community in general, and psychological evaluation indicates that he gets no pleasure from setting or watching fires. Defendant was under stress at the time due to marital problems, his probationary status of his employment, and long and irregular work hours resulting from a shortage of police officers in Chadron.

Defendant is 30 years old, married, and has two small children. He has never been convicted of a felony or a misdemeanor prior to his conviction in this case. He has a good employment record, and has been an active member of a church. He has voluntarily sought counseling in regard to his involvement in the fires, but can give no specific reason for his behavior other than that he was under extreme duress. His wife is employed as a school teacher, and has been supportive of him throughout these proceedings. Several members of defendant's community wrote letters to his probation officer expressing the opinion that the defendant was a fit candidate for probation.

At the time of sentencing, the trial court referred

in detail to the criteria for sentencing set forth in section 29-2260, R. R. S. 1943. The trial court specifically found that the defendant was not in need of correctional treatment that can be provided most effectively by commitment to a correctional facility; and that the risk is not substantial that the defendant will engage in additional criminal conduct should probation be granted. The sentencing judge concluded, however, that a sentence of imprisonment was required because a sentence of probation would depreciate the seriousness of defendant's crime and would promote disrespect for the law. See section 29-2260 (2) (c), R. R. S. 1943.

It has long been the rule that where the sentence imposed is within the statutory limits, this court will not alter the sentence absent an abuse of discretion on the part of the trial court. State v. Tweedy, 196 Neb. 253, 242 N. W. 2d 631 (1976); State v. Frans, 192 Neb. 641, 223 N. W. 2d 490 (1974). Although it is true that the presentence investigation disclosed many factors supporting defendant's contention that probation would be an appropriate sentence, the record shows that the trial court carefully considered all relevant factors in imposing the sentence. The sentence imposed was in fact an indeterminate sentence of one to two years under section 83-1,105, R. S. Supp., 1976. Section 28-504.02, R. R. S. 1943, provides for imprisonment of one to ten years upon conviction of arson in the second degree, and therefore defendant's sentence was the minimum provided for by that section. The fires set by the defendant resulted in significant property damage, and the seriousness of defendant's crime cannot be disregarded. Under the circumstances of this case, we cannot say that the trial court abused its discretion in imposing the sentence that it did, and therefore the sentence is affirmed.

AFFIRMED.