STATE OF NEBRASKA, APPELLEE, V. CHRISTOPHER ROUBIDEAUX, APPELLANT.

257 N. W. 2d 828

Filed October 5, 1977. No. 41366.

Edmund Hollstein, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

In an amended information filed in the District Court for Sheridan County, Christopher Roubideaux, the defendant and appellant herein, was charged with feloniously entering a building under section 28-533, R. R. S. 1943. A jury trial was waived, and the trial court found the defendant guilty as charged. Defendant was sentenced to a term of imprisonment in the penal complex of three years, which is the minimum sentence provided for by section 28-533, R. R. S. 1943. Defendant has appealed to this court, contending that the District Court erred in failing to place him on probation. We affirm the sentence of the trial court.

The record shows that the defendant and two other persons entered a liquor store in Whiteclay, Nebraska, with the intent to rob the store. The perpetrators were masked, and one of them carried a shotgun. The store owner took cover behind a door, which was struck by a shotgun blast, and avoided injury only because she ducked. She identified the de-

fendant as the person in possession of the shotgun. The defendant and one of his companions denied this, stating that the third perpetrator, who was not available at trial due to his incarceration in California, had fired the shotgun. Defendant was intoxicated at the time of the incident.

At the time of trial the defendant was 19 years old, unmarried, and worked as a kitchen helper. Defendant has a long history of alcohol abuse, and subsequent to the crime in this case was arrested for intoxication and resisting arrest. At the time of sentencing the trial court considered in detail the factors relevant to sentencing as set forth in section 29-2260, R. R. S. 1943. The court specifically found that there was a substantial risk that the defendant might engage in criminal conduct, particularly because of his problem with alcohol; that a lesser sentence would depreciate the seriousness of the offense and tend to promote disrespect for the law; and that the crime threatened very serious bodily injury to persons present. Before pronouncing sentence, the trial court considered all factors in the presentence report which were favorable to the defendant, including letters written on his behalf to the probation officer.

It has long been the rule that an order denying probation and a sentence imposed within the statutorily prescribed limits will not be disturbed on appeal unless there has been an abuse of discretion on the part of the sentencing judge. State v. Michon, 198 Neb. 562, 254 N. W. 2d 80 (1977). Defendant received the minimum sentence under section 28-533, R. R. S. 1943, and the record supports the findings made by the trial court at the time of sentencing, as set forth above. There was no abuse of discretion on the part of the District Court, and therefore the sentence received by the defendant is affirmed.

AFFIRMED.