STATE OF NEBRASKA, APPELLEE, v. STEVEN R. STROUD, APPELLANT.

261 N. W. 2d 777

Filed February 1, 1978. No. 41444.

Joseph N. Bixby of Gewacke & Bixby, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

The defendant pled guilty to a charge of statutory rape under former section 28-408, R. R. S. 1943. Statutory rape is now defined as first degree sexual assault under section 28-408.03, R. R. S. 1943. The defendant was placed on probation for a term of 3 years on January 9, 1976. On February 14, 1977, the defendant was charged in the District Court for Thayer County, Nebraska, with violation of the terms of his probation. Hearing was held there on the 29th day of April 1977. The court, upon finding defendant had failed to file written, monthly reports, as ordered by the terms of his probation, ordered the defendant's probation revoked. After affording the defendant an opportunity to present evidence with respect to the sentencing, the court sentenced the defendant to a term of 18 months to 3 years in the Nebraska Penal and Correctional Complex. The defendant appeals.

The defendant assigns as error: (1) Failure by the State to show sufficient evidence that the defendant did knowingly and, in fact, violate his probation by failing to file monthly reports; (2) failure of the court to order the probation officer to prepare a new presentence investigation report before sentencing the defendant; and (3) that the sentence was excessive. We will discuss the defendant's assignments in order.

The probation order which was signed by the defendant was introduced in evidence. No. 3 of the order provides: "That he shall report to the probation officer as directed by the court or the probation officer. He is hereby ordered to make written monthly reports on the first day of each month and to present these reports in person to the Chief Adult Probation Officer between the 1st and 10th day of each month." The evidence indicates that the defendant was first under the supervision of the probation officer assigned to the District Court for Thayer County, Nebraska. At the request of the defendant, the probation was reassigned to Lincoln, Lancaster County, Nebraska, on May 3, 1976. The witness Earl Houck, a deputy adult probation officer, testified that he took supervision of the defendant on June 6, 1976, and maintained that supervision until November 1, 1976. During that period of time Houck received only two written reports from the defendant. The defendant changed his address twice without notice and did not inform the probation officer of his occupation. In contacts the probation officer had with the defendant, the defendant was advised he was in arrears in filing his reports; and that it was necessary he report his correct address.

Roberta Dixon, a deputy probation officer and witness, of Lincoln, Nebraska, testified she took over the supervision of the defendant in early November 1976. She immediately wrote a letter to the defendant at the last address shown in his file and the letter

was returned undelivered. She contacted the defendant's brother and sent a letter to the defendant at that address. The letter was returned undelivered. She had received no written reports at the time she met the defendant on February 11, 1976. She informed the defendant on February 11, 1976, she had filed the noted violation of probation and the formal violation of probation was filed on February 14, 1976. The record shows that after February 14, 1976, the defendant had resumed working in Lincoln, Nebraska; that he had made monthly reports as required; and was living with his wife.

The defendant introduced no evidence, but argues on appeal that since the record does not show the court went over the report with him, that the defendant could not be shown to be in deliberate violation of the order of probation. As stated before, the order of probation was introduced into evidence and bears the signature of the defendant. Above the signature is the following caption: "Received a copy of the above order this 9th day of January, 1976, and I understand that the violation by me of any of the above conditions is cause for revocation of probation and sentence to confinement; and I do hereby waive extradition to the State of Nebraska in the event a charge of violation of probation is filed herein if at the time of my apprehension I am in another state." The defendant's contention is frivolous and does not merit further discussion.

This court said in State v. Snider, 197 Neb. 317, 248 N. W. 2d 342: "We hold that whether. successive presentence investigations are necessary before the revocation of an order of probation is entered rests in the sound discretion of the sentencing judge." We do not find any abuse of discretion in the failure to order a further presentence investigation. The facts of the case were presented and the violation was apparent.

Defendant's final assignment of error is that the

sentence of the trial court was excessive. We disagree. At the time the offense was committed and the defendant was placed on probation, the offense for which the defendant stood charged could have been punishable by a term of from 3 years to 20 years in the Nebraska Penal and Correctional Complex. After the passage of section 28-408.03, R. R. S. 1943, the penalty was changed from not less than 1 year nor more than 25 years. The sentence of from 18 months to 3 years is well within the statutory perimeters and will not be disturbed on appeal absent an abuse of discretion. See State v. Gundlach, 192 Neb. 692, 224 N. W. 2d 167 (1974).

The offense for which the defendant stood charged was a serious one. The defendant was fully and completely advised that his violation of the terms of probation could likely result in this sentence. The defendant, in effect, argues to this court that the continuation of probation for the offense of first degree sexual assault is a matter of right. It is not.

The judgment and sentence of the trial court are correct in all respects and the same are affirmed.

AFFIRMED.