STATE OF NEBRASKA, APPELLEE, v. HENRY F. STEED, JR., APPELLANT.

266 N. W. 2d 240

Filed May 31, 1978. No. 41805.

Anthony S. Troia, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

The defendant was charged with two counts of uttering a forged instrument. The defendant waived a jury trial. The District Court for Douglas County found the defendant guilty of one count of forgery and dismissed the second count. Defendant was sentenced to the Nebraska Penal and Correctional Complex for a period of not less than 5 years nor more than 10 years, and ordered to pay a fine of $10.

In his first assignment of error, the defendant challenges the sufficiency of the evidence to sustain his conviction. Defendant failed to raise this issue in a motion for a new trial. Since this alleged error was not raised in a motion for a new trial, the defendant is now precluded from raising the alleged error on appeal to this court. See State v. Price, 198 Neb. 229, 252 N. W. 2d 165. We have nevertheless considered the entire record. The evidence overwhelmingly supports the court's decision.

In his second assignment of error, the defendant contends his sentence was excessive. To support his contention, the defendant points to a report of one probation officer who recommended that the defendant be fined in lieu of incarceration. At the time of his conviction for forgery, the defendant was on federal probation and has a long history of criminal activity.

Where the punishment of an offense created by statute is left to the discretion of the court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed on appeal unless there appears to be an abuse of discretion. See State v. Stroud, 200 Neb. 27, 261 N. W. 2d 777. Section 28-601, R. R. S. 1943, provides for the imposition of a sentence of from 1 to 20 years and a fine up to $500 for uttering a forged instrument. Here, the sentence of the defendant was within the permissible limits. The sentencing judge is not bound by the recommendation of the probation officer in determining the sentence to be imposed. See State v. Holzapfel, 192 Neb. 672, 223 N. W. 2d 670. The sentence reflects the trial judge's consideration of the defendant's prior criminal record.

Having found there is clearly no abuse of discretion, the judgment of the District Court is affirmed.

AFFIRMED.