STATE OF NEBRASKA, APPELLEE, v. SAMUEL P. BROWN, APPELLANT.

270 N. W. 2d 318

Filed October 11, 1978. No. 41913.

R. D. Stafford, for appellant.

Paul L. Douglas, Attorney General, and Royce N. Harper, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

SPENCER, C. J., PRO TEM.

Defendant, Samuel P. Brown, was originally charged with two counts of murder in the first degree. Pursuant to a plea bargain, he pled guilty to an amended information of murder in the second degree. He was sentenced to a term of 35 years in the Nebraska Penal and Correctional Complex, with credit for the 222 days he was held in custody prior to sentencing.

Defendant prosecutes an appeal to this court, alleging: (1) The sentence imposed by the court is excessive; and (2) the court erred in overruling defendant's motion to strike certain exhibits attached to the presentence report as being irrelevant. We affirm.

On the evening of April 29, 1977, defendant and two codefendants, Ricky Roewert and Daniel Forster, were drinking beer in a bar at Norfolk when they observed the victim, Henry Hernandez, with a large sum of money in his possession. Roewert suggested to his two companions that they rob Hernandez. Both defendant and Forster agreed to go along with the robbery. For this purpose they borrowed an automobile owned by Deb Murray, Roewert's girl friend, who was with them. Murray returned to her apartment with someone else, and left her car with Roewert.

The men persuaded Hernandez to leave the bar with them by telling him they were going to a party. Hernandez was intoxicated and had to be helped to the car. With Forster driving, they proceeded to the Murray apartment. Roewert went inside and Forster followed a short time later. After several minutes, defendant also went inside and he observed Roewert placing two knives inside the front of his

trousers. The men returned to the car and Roewert laid the knives near him in the front seat. Hernandez was passed out in the rear seat at this time.

The men stopped to buy gasoline for the car and defendant removed $16 from Hernandez' pocket. They then drove out of town in the direction of the city dump. Roewert instructed Forster to stop the car on a gravel road near a large brush pile. He got out of the vehicle and, with defendant's help, pulled Hernandez out of the back seat. Roewert slashed the victim's throat with a paring knife. He had Forster retrieve the larger bread knife from the car, and Roewert used it to decapitate the victim. Defendant assisted in dragging the headless body to the opposite side of the road near the brush pile. Roewert then used the bread knife to make multiple cuts on the front and back of the body. He also cu off portions of the victim's clothing and removed the billfold. The men covered the body with the brush and returned to the Murray apartment where they divided the money obtained from the billfold.

Defendant maintained he had no idea Hernandez was going to be killed. In a statement Roewert gave to the police, although he accepted full responsibility for the murder, he stated that he told defendant and Forster at the bar they would have to kill Hernandez so they would not be identified.

Defendant's plea bargain involved a promise the State would recommend the defendant would not receive a more severe sentence than Forster. Forster, whose judgment of conviction was recently affirmed by this court, was sentenced to a term of 35 years in the Nebraska Penal and Correctional Complex, with credit for days served prior to the imposition of sentence. This is the same sentence received by the defendant. At the time of the trial defendant was 28 years old. Forster at the time of the offense was not quite 20 years of age. Forster had a rather

negligible prior criminal record when compared with that of the defendant.

The penalty provided by section 28-402, R. R. S. 1943, for murder in the second degree is imprisonment in the Nebraska Penal and Correctional Complex for not less than 10 years, or during life. We have repeatedly held that a sentence within the statutory limits will not be disturbed on appeal absent an abuse of discretion. State v. Stephenson, 199 Neb. 362, 258 N. W. 2d 824 (1977). There clearly was no abuse of discretion herein. The crime was a vicious one and defendant could well have been sentenced to the Penal and Correctional Complex for the rest of his natural life.

Defendant's second assignment is directed at the refusal of the trial court to strike certain exhibits, including the photographs of the decedent, the body fluid alcohol analysis of Mr. Hernandez, and the autopsy report, as being irrelevant and immaterial to the presentence investigation and also as being cumulative to the evidence before the court, as well as inflammatory. There is no merit to this assignment. The photographs, which were of the decedent's body, and the exhibits were a part of the proof of the crime to which the defendant had pled guilty.

Photographs are admissible in evidence if shown to be true and correct representations of the places or subjects they purport to represent at times pertinent to the inquiry, if a proper foundation is laid. State v. Williams, 182 Neb. 372, 155 N. W. 2d 189 (1967). Their admission is largely within the discretion of the trial court, and, unless an abuse of discretion is shown, error may not be predicated thereon. State v. Ell, 196 Neb. 800, 246 N. W. 2d 594 (1976).

These exhibits would have been properly received in evidence if the defendant had gone to trial. They certainly would be of assistance to the trial judge in carrying out his weighty responsibilities concerning the imposition of sentence. The trial judge, in im-

posing sentence, is entitled to know to the fullest extent the details of defendant's criminal conduct. They were pertinent in assisting the trial court to understand the true nature of the criminal act in deciding what sentence to impose. Defendant had pled guilty to the crime, and had been cooperative with the authorities. It is evident from the sentence imposed that the trial judge was not unduly influenced against the defendant by virtue of having viewed the exhibits attached to the presentence report.

There is no evidence of prejudice. The sentence imposed is well within the statutory limit. There is no merit to the assignments of error urged by the defendant. The judgment of the District Court is affirmed.

AFFIRMED.