STATE OF NEBRASKA, APPELLEE, V. GERALD M.
HARRINGTON, APPELLANT.

275 N. W. 2d 294

Filed February 13, 1979.   No. 42032.

Mac H. McConnell, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before KRIVOSHA, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

Defendant, Gerald M. Harrington, appeals to this court from a sentence imposed upon him by the District Court for Madison County, following his plea of nolo contendere to an information filed against him charging him with committing the offense of forgery of a power of attorney.  The court sentenced him to serve a term of 2 years in the Nebraska Penal and Correctional Complex, and also imposed a fine of $1. Except for one matter which will be hereinafter discussed, this case is for all intents and purposes an excess sentence appeal.  Appellant makes two assignments of error:   (1) The District Court erred by taking judicial notice of allegations and statements not contained in the presentence investigation report;   (2) the District Court's sentence of 2 years

in the Nebraska Penal and Correctional Complex was excessive and an abuse of discretion.

Appellant, at all times material to the incidents involved herein, was a member of the Nebraska State Bar Association, and a practicing attorney in Plainview, Nebraska, although he has since surrendered his license to practice law in this state. The record reveals that appellant was attorney for the executor of the estate of one Karl Malmstrom. It appears that as the result of excessive drinking, gambling, and resulting financial pressures, he became in need of substantial sums of money. The executor of the estate turned over to him, as part of the distribution of the estate, two drafts of approximately $26,000 each, payable to certain devisees of the deceased who resided in Sweden, which drafts were to be mailed to them by appellant. Instead of so doing, appellant devised the scheme of opening a bank account in the names of the payees of the drafts in a bank in Norfolk, Nebraska. He then forged a power of attorney, presumably running from Birger Malmstrom and Selma Persson, the two devisees, appointing him their true and lawful attorney in fact "to open a checking account at any Bank in Norfolk, Nebraska, and to deposit the proceeds thereof into said account; to see to the invest [sic] of the proceeds of any funds coming into our possession and having authority and full power to do everything whatsoever requisite or necessary to be done in the premises, as fully as we could or might if personally present, * * *." Appellant then forged the names of the purported grantors of the power of attorney on the instrument, forged the name of his secretary on the acknowledgment to the instrument, and also placed his secretary's notary seal on the acknowledgment, all without her knowledge or consent. Thereafter, from time to time, appellant periodically withdrew sums from that bank account, using the above forged power of attorney for that purpose. The pro-

ceeds of the withdrawals were used for his own personal use in paying off his own debts and obligations, and for other purposes, including gambling, with the result that almost the entire bank account was ultimately withdrawn.

We first discuss appellant's first assignment of error that: "The District Court erred by taking judicial notice of allegations and statements not contained in the Presentence Investigation Report." The matters about which the appellant complains allegedly took place during appellant's sentencing, subsequent to his plea of nolo contendere to the charge against him. The record reveals that at the sentencing, the court reviewed and analyzed the factual situations of certain similar, but not identical, Nebraska cases, and reviewed the sentences imposed upon the defendant in each of those cases. Among those cases discussed by the court at the sentencing were State v. Schmidtline, 199 Neb. 242, 257 N. W. 2d 707 (1977); State v. Trout, 199 Neb. 236, 257 N. W. 2d 703 (1977); State v. Savin, 195 Neb. 501, 238 N. W. 2d 911 (1976); and State v. McMullen, 195 Neb. 796, 240 N. W. 2d 844 (1976). The court felt that the factual situations set out in the above cases were sufficiently similar to justify the sentence imposed upon the appellant in this case. After analyzing and discussing the foregoing cases, the court continued, stating: "I think not disregarding the fact that you engaged in a deliberate and premeditated course of conduct over a period of 42 days which involved 5 separate incidents of embezzlement; while you're not charged with embezzlement, I think I'm entitled to consider that and have to consider that. I have to consider that it's a crime of some magnitude, involving $52,994.76 to be exact, by a man who had practiced his profession for more than ten years, in which you deceived the clients you were representing, the executor you were representing and the Court that was administering the estate.

"I have all the sympathy and compassion in the world for your family, but I don't for you, Mr. Harrington. You have disgraced yourself and your profession; and the Court finds that any sentence other than incarceration will depreciate the seriousness of the offender's crime and promote disrespect for the law, and it will be the judgment of the Court that you be and hereby are sentenced to imprisonment in the Nebraska Penal and Correctional Complex, * * * for a term of two years and that you pay a fine of $1. * * *." Appellant complains of the statement of the court that he took into consideration that appellant had committed five separate embezzlements, when appellant was not charged with embezzlement, nor had he been convicted of embezzlement, but on the contrary had been charged and convicted of the crime of forgery. Contrary to the claim of the appellant, we do not believe the court took judicial notice of any "allegations or statements." The court's comments were based entirely on facts contained in the record in this case; and the confusion, if any, clearly arises from the fact that the same background and factual situation may give rise to more than one crime. It should be noted that the court in its comments did not state that the appellant had been *convicted* of five charges of embezzlement but merely that his course of conduct over a period of 42 days involved five separate incidents of embezzlement. This, we believe, is amply borne out by the record. Appellant admitted he took the two drafts and the power of attorney to the bank at Norfolk and deposited $35,000 of the face amount of the drafts, taking out the further sum of $17,994.76 in a cashier's check. He also described the disposition of the latter funds and its application to his personal debts and expenditures of various kinds. He also admitted that he went back to the bank 12 days later, on June 7, and took out a cashier's check for $12,500, the proceeds of which were also applied to personal indebted-

ness. Six days later, on June 13, he withdrew an additional $9,400 from the Norfolk bank which he used to take a trip to Las Vegas in the hopes of winning money at gambling. Then 11 days later, on June 24, he withdrew an additional $2,000, which he apparently used to attend a high school class reunion and also for gambling. Finally, 12 days later, in July, he withdrew the last $10,000 from the account, and deposited it in the Plainview bank. Of this latter sum $2,000 was a cash withdrawal and the balance was in cashier's checks. This withdrawal also was used for gambling, debts, etc.

Therefore, while it is clear that the charge against the appellant in this case was for forgery, by virtue of his forging the power of attorney which enabled him to obtain the funds belonging to the devisees of the estate, nevertheless the evidence reveals that appellant unlawfully appropriated to his own use money entrusted to him for transmission to the devisees in Sweden, and we think it is clear that the court not only could, but properly did, consider these facts in determining the proper sentence to be imposed upon the appellant, notwithstanding the fact that the same facts might have been the basis for prosecution for another crime or crimes than the one with which he was actually charged. In State v. Miller, 199 Neb. 19, 255 N. W. 2d 860 (1977), we stated: "A sentencing judge has broad discretion as to the source and type of evidence or information which may be used as assistance in determining the kind and extent of punishment to be imposed, and the judge may consider probation officer reports, police reports, affidavits, and other information, including his own personal observations." We determine that appellant's first assignment of error is without merit.

We also determine that appellant's second assignment of error, that his sentence of 2 years plus a fine of $1 was excessive and an abuse of discretion, is

likewise without merit. Under section 28-601, R. R. S. 1943, the penalty for the offense of forgery in effect at that time was imprisonment in the Nebraska Penal and Correctional Complex for any space of time not exceeding 20 years nor less than 1 year, and the payment of a fine not exceeding $500. It is also well established that where the punishment of an offense created by statute is left to the discretion of the court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed on appeal unless there appears to be an abuse of discretion. State v. Stroud, 200 Neb. 27, 261 N. W. 2d 777 (1978). Not only is the sentence imposed by the court well within the above guidelines, but it is clear the court gave considerable thought to the proper sentence to be imposed and analyzed other cases with similar facts to those of the instant case, in which equal or greater penalties had been imposed. Also, we are not unmindful of what we stated in State v. Savin, 195 Neb. 501, 238 N. W. 2d 911 (1976): "The fact the defendant was a lawyer and callously abused the trust that had been placed in him justified a greater sentence than might have been imposed upon a person not occupying the professional status of the defendant." The sentence imposed was justified, and we agree with the trial court that any sentence other than incarceration would depreciate the seriousness of the offender's crime and promote disrespect for the law.

No error appearing in the record, the judgment and sentence of the trial court must be affirmed.

AFFIRMED.