STATE OF NEBRASKA, APPELLEE, V.
LEON P. JANIS, ALSO KNOWN AS
CHUCK JANIS, APPELLANT.

299 N.W.2d 447

Filed December 12, 1980.   No. 43441.

James D. Leach and Charles Plantz for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant, Leon P. Janis, entered a plea of guilty on February 12, 1980, to the charge of operating a motor vehicle to flee in an effort to avoid arrest for a felony, a violation of Neb. Rev. Stat. § 60-430.07 (Reissue 1978). He had also been charged with a further count of assault which was dismissed as part of a plea bargain arrangement. Likewise, a separate charge of murder in the first degree was dismissed as part of the plea bargain. The sentence for committing the crime of operating a motor vehicle to flee in an effort to avoid arrest for a felony may be a fine in a sum not to exceed $500, imprisonment in the Nebraska Penal and Correctional Complex for a period of not less than 1 year nor more than 3 years, or both fine and imprisonment. The trial court, after receiving the plea of guilty and obtaining a presentence investigation, sentenced the appellant to a term of 1 year in the Nebraska Penal and Correctional Complex, giving the appellant credit for some 84 days he had already served.

It is from this sentence of imprisonment that appellant appeals, maintaining that the trial court improperly sentenced the appellant because, in imposing the sentence, the trial court indicated that it had taken into account the fact that the appellant had been charged with both assault with intent to inflict great bodily harm and with murder in the first degree, both of which charges were dismissed. We believe, however, that an examination of the record will disclose that the trial court did not consider matters which could not properly have been considered by the court and did not abuse its discretion in imposing the sentence. For that reason, we affirm the judgment of the trial court.

In the case of *Williams v. New York*, 337 U.S. 241, 247, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949), the U.S. Supreme Court said: "A sentencing judge . . . is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt

has been determined. Highly relevant — if not essential — to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics."

And, likewise, in the case of *State v. Rose*, 183 Neb. 809, 811, 164 N.W.2d 646, 648 (1969), this court said: "It is a long accepted practice in this state that before sentencing a defendant after conviction a trial judge has a broad discretion in the source and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. Highly relevant, if not essential, to his determination of an appropriate sentence is the gaining of knowledge concerning defendant's life, character, and previous conduct." And, further, in the recent case of *State v. Anderson and Hochstein, ante* p. 51, 72, 296 N.W.2d 440, 453 (1980), we said: "We are unable to find any requirement in the law that a sentencing court may consider only information adduced at trial when exercising discretion in imposing sentence."

A reading of the transcript in this case discloses that the trial court, in imposing the minimum sentence of imprisonment on appellant, took into account a number of factors in addition to the complaints which had been dismissed as a part of a plea bargain. In particular, the court took into account the undisputed fact that appellant produced and displayed a loaded weapon during the scuffle which ultimately led to his attempting to flee to avoid arrest. While there is some dispute in the record as to whether the gun was operable at the time of its display, it is clear, as noted by the trial court, that the production of a loaded weapon may, indeed, result in the production of other loaded weapons and consequent grave and serious injury.

The chase itself was not something of minor significance. Speeds upwards of 100 m.p.h. were observed. Appellant maintains that he continued to flee because he was fearful for his life, not from the police who

were chasing him, but from other citizens. Yet, this argument, in some manner, seems to fall short of its mark. If, indeed, he was fearful for his life, surrendering to the police, who were then attempting to take him into custody, would have provided him greater protection than continuing to move recklessly about the highway. Not only was his own life then in jeopardy, but, likewise, the lives of innocent persons who might then have been upon the road. As a matter of fact, the presentence investigation discloses that, at one point, appellant had stopped and was talking to the officer when he observed the other individual appear on the scene in an automobile and fled from the custody and safety of the police officer. His justification for fleeing appears a little weak under the circumstances. It was only when he lost control of his vehicle and left the roadway that he stopped and was arrested.

Appellant argues that the trial judge erred because he stated in open court that this was a case for probation but for the existence of the two dismissed charges. While it is true that the court did say that "if it weren't for two factors, this would be a case for probation," it is not true that the court considered the dismissed charges as those factors. What the judge stated in great detail was that he had considered the records made in connection with the dismissed charges. That is to say, he reviewed the facts underlying the charges. The trial court placed great emphasis on the fact that appellant displayed a loaded gun, a fact not disputed. He considered the fact that the evidence produced at the preliminary hearing in connection with the first degree murder charge was sufficient to permit the court to find that there was probable cause to believe that a crime had been committed and probable cause to believe that the appellant had committed the crime. The court did not consider whether there was sufficient evidence to convict the appellant but only whether there was evidence of behavior by the appellant which might be taken into account in imposing a sentence.

As we said in *State v. Rapp*, 184 Neb. 156, 158, 165 N.W.2d 715, 717 (1969): "It must be assumed, we think, that a trial judge knows the difference between information that is pertinent to the issue before him and that which is unfounded rumor. The law invests a trial judge with a wide discretion as to the sources and types of information used to assist him in determining the sentence to be imposed within statutory limits." It is hard for us to understand how a trial court may properly consider information of the appellant's behavior if no charges are filed, but may not consider the *underlying facts* if a charge is filed and later dismissed, not because the facts are untrue, but due to a plea bargain. While we do not mean to suggest by this opinion that a trial court is free to consider any matter having no relevance or basis, we do mean to say that a trial court is, indeed, given wide discretion and where it appears that a sentence imposed is within statutory and constitutional limitations, it will not be disturbed on appeal in the absence of an abuse of discretion on the part of the trial court. *State v. Tipton*, 206 Neb. 731, 294 N.W.2d 869 (1980). We are unable to find any evidence in this record which would indicate an abuse of discretion on the part of the trial court in determining the sentence as imposed. For that reason, the judgment is affirmed.

AFFIRMED.