STATE OF NEBRASKA, APPELLEE, V.
LUCAS PERALES, APPELLANT.

313 N.W.2d 659

Filed December 18, 1981. No. 44292.

James T. Hansen and Jonathan Pratter for appellant.

No appearance for appellee State.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

The defendant was convicted by a jury on a charge of possession with intent to distribute marijuana and sentenced to not less than 2 years' nor more than 4 years' imprisonment. The sole issue on appeal is whether or not the sentence was excessive.

The defendant was 49 years old at the time of the offense on October 22, 1980. He was single and lived by himself in a small two-room house on the rear of a residential lot where he had lived for several years. The

police obtained a search warrant and searched the house and found several sacks of marijuana which weighed 9 pounds at the time of the search and weighed 6½ pounds at the time it was examined by a chemist sometime later. None of the paraphernalia of trading in marijuana or other drugs was found in defendant's house. A witness testified that the quantity of marijuana found was more than would be required for the personal use of an individual. The defendant testified that he was not a user of marijuana or of other drugs, and also testified he knew nothing about the marijuana in his house but that he had given several friends permission to stay in the house. No one was present in the house when it was searched, but on the following morning the defendant went to the police station when he found the search inventory fastened on his door, identified himself to the police, and inquired what the inventory was about. At that time he was arrested and charged.

The defendant had lived in Scottsbluff for the past 46 years and had a misdemeanor record involving largely convictions and fines for intoxication or related offenses. His only jail sentence was in 1974 when he was sentenced to 30 days in the county jail for obtaining money under false pretenses. The defendant had worked at the Great Western sugar factory in season for the preceding 25 years, and at the time of the offense here was temporarily employed on a ranch some distance out of Scottsbluff.

The District Court, in sentencing the defendant, stated that to grant probation to the defendant would depreciate the seriousness of the crime. We accept that finding but are convinced that the circumstances do not warrant more than a minimum sentence. We, therefore, affirm the conviction but reduce the sentence to 1 year in an institution under the jurisdiction of the Department of Correctional Services. Defendant is to be given credit for time, if any, spent in custody pending trial and sentence.

AFFIRMED AS MODIFIED.

KRIVOSHA, C.J., concurring in part, and in part dissenting.

I find that while I concur with the majority of the court in affirming the conviction in this case, I must dissent from the majority's action in modifying the sentence imposed by the trial court. I believe that in doing so we unnecessarily add to the confusion. We have heretofore declared in a host of cases that this court will not reduce a sentence imposed by the trial court within statutory limits absent evidence of an abuse of discretion. See, *State v. Bosak*, 207 Neb. 693, 300 N.W.2d 201 (1981); *State v. Kelly*, 207 Neb. 295, 298 N.W.2d 370 (1980); *State v. Hortman*, 207 Neb. 393, 299 N.W.2d 187 (1980); *State v. Glover*, 207 Neb. 487, 299 N.W.2d 445 (1980); *State v. Janis*, 207 Neb. 491, 299 N.W.2d 447 (1980); *State v. French*, 206 Neb. 92, 291 N.W.2d 248 (1980); *State v. Weik*, 206 Neb. 217, 292 N.W.2d 289 (1980); *State v. Packett*, 206 Neb. 548, 294 N.W.2d 605 (1980); *State v. Tipton*, 206 Neb. 731, 294 N.W.2d 869 (1980); *State v. Crouch*, 205 Neb. 781, 290 N.W.2d 207 (1980); *State v. Kincaid*, 203 Neb. 495, 279 N.W.2d 152 (1979); *State v. Robinson*, 202 Neb. 210, 274 N.W.2d 553 (1979); *State v. Welsh*, 202 Neb. 249, 275 N.W.2d 54 (1979); *State v. Steed*, 201 Neb. 120, 266 N.W.2d 240 (1978); *State v. Freeman*, 201 Neb. 382, 267 N.W.2d 544 (1978); *State v. Brown*, 201 Neb. 536, 270 N.W.2d 318 (1978); *State v. Kerns*, 201 Neb. 617, 271 N.W.2d 48 (1978); *State v. Stroud*, 200 Neb. 27, 261 N.W.2d 777 (1978); *State v. Davis*, 200 Neb. 557, 264 N.W.2d 198 (1978); *State v. Jackson*, 200 Neb. 827, 265 N.W.2d 850 (1978). The above cases are but just a sample of the many to be found declaring the cited rule.

Having heretofore declared, without apparent exception, that absent an abuse of discretion we will not reduce a sentence imposed within statutory limits, I am unable to conclude the basis upon which we do so in this case. Apparently there was some argument by appellant that he was not in possession of the marijuana with intent to distribute and therefore not guilty of the

crime. That matter, however, was resolved by the jury against appellant, and therefore, on appeal, we must assume that the jury found, beyond a reasonable doubt, that appellant was guilty of possession of marijuana with intent to distribute. I do not believe our action in this case does anything to aid either the trial courts or the prosecutors in handling such matters, but, to the contrary, only creates confusion and invites unmeritorious appeals to the court which will not prove to be successful. I would have affirmed the judgment in all respects.

I am authorized to announce that WHITE and HASTINGS, JJ., join in this concurrence and dissent.