STATE OF NEBRASKA, APPELLEE, V.
WILLIE LOU SABALA, ALSO KNOWN AS YVONNE SABALA,
APPELLANT.

313 N.W.2d 700

Filed December 28, 1981. No. 44295.

Raymond, Olsen, Coll & Ediger, P.C., for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant, Willie Lou Sabala, also known as Yvonne Sabala, appeals from a sentence imposed by the District Court for Scotts Bluff County, Nebraska. The sentence, which consisted of imprisonment in the county jail for 1 year and a fine of $250, was imposed by the county court of Scotts Bluff County, Nebraska, and was appealed by Sabala to the District Court. On review, the District Court affirmed the sentence of the county court, but modified it to provide that the sen-

tence of 1 year's imprisonment be served in an institution under the jurisdiction of the Department of Correctional Services pursuant to Neb. Rev. Stat. § 28-106(2)(a) (Reissue 1979), instead of the county jail as previously ordered by the county court.

On appeal to this court, Sabala argues that the sentence of imprisonment of 1 year imposed by the county court and thereafter affirmed by the District Court, except as modified, was excessive and should be reduced by this court. Sabala further argues that the District Court erred in considering an affidavit of one Laura K. Urbano which was made a part of the presentence investigation report. We have examined the record and conclude that the trial court was in all respects correct in its action and that the sentence imposed by the District Court should be affirmed.

Sabala was originally charged with the crime of felony assault, second degree. This is a Class IV felony, punishable by a maximum of 5 years in the penitentiary or a fine of $10,000, or both imprisonment and fine. As a part of the plea bargain, the State reduced the charge to a misdemeanor assault, third degree, a Class I misdemeanor. A Class I misdemeanor is punishable by imprisonment in the county jail of not to exceed 1 year or a fine not to exceed $1,000, or both imprisonment and fine. Under the provisions of § 28-106(2) (a) such a sentence may be served in an institution under the jurisdiction of the Department of Correctional Services.

Sabala appeared in the county court with her attorney and at that time entered a plea of nolo contendere. Evidence was then submitted to the court which was more than sufficient to establish that Sabala had indeed committed the offense for which she was charged, as well as the felony for which she was originally charged. As a result thereof the trial court found Sabala guilty of the misdemeanor charge and ordered a presentence investigation.

We turn first to Sabala's claimed error that the affidavit of Laura Urbano should not have been made a

part of the presentence investigation report and should not have been considered by the trial court. Urbano, a resident of Scottsbluff, Nebraska, and a friend of the individual upon whom Sabala committed the assault, informed the court, through an affidavit earlier given to a police officer in Scottsbluff, about certain drug activities in which the affiant and Sabala were engaged. Sabala and her counsel were given ample opportunity to see the affidavit before sentence was passed and, while they objected to the court considering the affidavit, made no counter showing.

The issue raised by Sabala in this regard is not one of first impression either in this court or the U.S. Supreme Court, and has indeed been addressed by both courts on a number of occasions.

In the case of *Williams v. New York*, 337 U.S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949), Williams objected to his sentence because information was supplied by witnesses with whom the accused had not been confronted and as to whom he had no opportunity for cross-examination or rebuttal. In rejecting Williams' claim that this violated the due process clause of the fourth amendment, the U.S. Supreme Court said at 250: "We must recognize that most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross-examination. And the modern probation report draws on information concerning every aspect of a defendant's life. The type and extent of this information make totally impractical if not impossible open court testimony with cross-examination. Such a procedure could endlessly delay criminal administration in a retrial of collateral issues."

In *State v. Janis*, 207 Neb. 491, 493, 299 N.W.2d 447, 449 (1980), this court said: " 'It is a long accepted practice in this state that before sentencing a defendant after conviction a trial judge has a broad discretion in the source and type of evidence he may use to

assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. Highly relevant, if not essential, to his determination of an appropriate sentence is the gaining of knowledge concerning defendant's life, character, and previous conduct.'"

Likewise, in *State v. Kramer*, 203 Neb. 658, 660-61, 279 N.W.2d 634, 636 (1979), we said: "A sentencing judge has broad discretion as to the source and type of evidence or information which may be used as assistance in determining the kind and extent of the punishment to be imposed and the judge may consider probation officer reports, police reports, affidavits, and other information, including his own personal observations." See, also, *State v. Harrington*, 202 Neb. 356, 275 N.W.2d 294 (1979).

Having reviewed the affidavit and concluding that there is nothing contained therein which the trial court could not have considered, particularly in light of the fact that Sabala chose not to rebut any of the statements, we must reject Sabala's assignment of error in that regard.

We turn then to Sabala's claim that the sentence was excessive. In rejecting that claim we need only once again repeat our often-cited rule to the effect that a sentence imposed within statutory limits will not be disturbed on appeal in an absence of an abuse of discretion on the part of the trial court. See, *State v. Tipton*, 206 Neb. 731, 294 N.W.2d 869 (1980); *State v. Harrington, supra; State v. Janis, supra.*

The presentence report in this case discloses that this is not Sabala's first encounter with the law. While Sabala continually maintained her innocence, the police report disclosed the existence of a witness who heard a gunshot and looked outside. He saw the victim on the ground and Sabala standing over him with a handgun in her hand. Sabala never gave any explanation as to how the gun got into her hand. Further, a witness reported to the police he observed Sabala, following the

shooting, with a gun in her hand and overheard her tell some "ladies" that she had just shot Rico, and "the son of a bitch deserved it, and she hoped that he died."

Sabala's police record is extensive, beginning in 1944. She apparently shot a prowler in 1973. In 1975 she was convicted of permitting the use of a building for prostitution. We are unable to find any evidence to support a claim that the trial court abused its discretion. This action merited the maximum sentence if any action ever would. We are therefore left with no alternative but to affirm the sentence.

The judgment and sentence are, in all respects, affirmed.

AFFIRMED.