Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/26/2024 09:08 AM CST

State of Nebraska, appellant, v.
Fernando J. Vences, appellee.

___ N.W.3d ___

Filed December 17, 2024.    No. A-24-280.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.
2. **Criminal Law: Judgments: Records.** A court has inherent power in a criminal case to correct its records to reflect the "truth," nunc pro tunc.
3. **Judgments: Records.** The purpose of an order nunc pro tunc is to correct a record which has been made so that it will truly record the action had, which through inadvertence or mistake was not truly recorded.
4. ____: ____. It is not the function of an order nunc pro tunc to change or revise a judgment or order, or to set aside a judgment actually rendered, or to render an order different from the one actually rendered, even though such order was not the order intended.
5. **Judgments.** Clerical errors may be corrected by an order nunc pro tunc, but judicial errors may not.
6. **Judgments: Jurisdiction.** If a court has jurisdiction and authority to enter a second order, its incorrect characterization as an order nunc pro tunc is of no consequence.
7. **Sentences: Time.** A sentence validly imposed takes effect from the time it is pronounced.
8. **Sentences.** When a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way, either during or after the term or session of court at which the sentence was imposed.
9. **Sentences: Judges: Records.** The circumstances under which a judge may correct an inadvertent mispronouncement of a sentence are limited to those instances in which it is clear that the defendant has not yet left the courtroom; it is obvious that the judge, in correcting his or her language, did not change in any manner the sentence originally intended;

and no written notation of the inadvertently mispronounced sentence was made in the records of the court.

10. **Sentences.** The location of the sentence is a substantive part of a sentencing order.

Appeal from the District Court for Lincoln County: Cindy R. Volkmer, Judge. Reversed and vacated, and cause remanded with directions.

Kortnei Smith, Deputy Lincoln County Attorney, for appellant.

No appearance by appellee.

Riedmann, Chief Judge, and Moore and Welch, Judges.

Welch, Judge.

## INTRODUCTION

The State of Nebraska has been granted leave to appeal the resentencing of Fernando J. Vences following the imposition of valid sentences via an order nunc pro tunc. For the reasons set forth herein, we reverse the district court's decision, vacate its order nunc pro tunc, and remand the cause with directions for the district court to reinstate Vences' original sentences.

## STATEMENT OF FACTS

Pursuant to a plea in November 2022, Vences was convicted of two counts of negligent child abuse, both Class I misdemeanors. In December, Vences was sentenced to 24 months' probation on count I and 18 months' probation on count II to be served consecutively.

In April 2023, the State filed a motion to revoke Vences' probation. In November, Vences entered an admission to the motion to revoke that was accepted by the court. Thereafter, on January 23, 2024, the court resentenced Vences to concurrent terms of 270 days' imprisonment in the Lincoln County jail with credit for 16 days served. The sentences were ordered to be served consecutively to the sentence in Lincoln County District Court case No. CR23-162, in which he had been

convicted of a felony and which sentence was imposed the same day. In case No. CR23-162, Vences was sentenced to 2 years' to 2 years' imprisonment with the Nebraska Department of Correctional Services (DCS).

On February 8, 2024, Vences filed a motion to modify his sentences, claiming that the court's sentence requiring him to serve 270 days at the Lincoln County jail consecutively to his 2-year term at DCS made him ineligible for work release. As such, Vences requested that the court modify his sentences to change the facility at which he was required to serve the sentences, which he argued would resolve the problem. Vences argued that the modification "wouldn't actually change his sentence[s], it would only change the facility at which he is serving his sentence[s]."

The court granted Vences' motion and issued an order nunc pro tunc that changed the court's prior order to provide that Vences was sentenced to DCS instead of the Lincoln County jail. Pursuant to Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2022), this court granted the State's request for leave to appeal the district court's resentencing of Vences via an order nunc pro tunc.

## ASSIGNMENT OF ERROR

The State contends that the district court erred in entering an order nunc pro tunc that granted Vences' motion to modify his sentences.

## STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *State v. Melton*, 308 Neb. 159, 953 N.W.2d 246 (2021).

## ANALYSIS

We first address the State's claim that the district court erred in modifying Vences' sentences utilizing an order nunc pro tunc.

[2-5] As the Nebraska Supreme Court stated in *State v. Bol*, 288 Neb. 144, 159, 846 N.W.2d 241, 254-55 (2014):

> A court has inherent power in a criminal case to correct its records to reflect the "truth," nunc pro tunc. The purpose of an order nunc pro tunc is to correct a record which has been made so that it will truly record the action had, which through inadvertence or mistake was not truly recorded. It is not the function of an order nunc pro tunc to change or revise a judgment or order, or to set aside a judgment actually rendered, or to render an order different from the one actually rendered, even though such order was not the order intended. Clerical errors may be corrected by an order nunc pro tunc, but judicial errors may not.

[6] Here, the district court's use of an order nunc pro tunc was to revise sentences that had already been rendered, not correct an error by a scrivener. Thus, the court's order that modified its prior sentencing order cannot properly be termed an order nunc pro tunc. "But if the court had jurisdiction and authority to enter the second order, its incorrect characterization as an order nunc pro tunc is of no consequence." *State v. Bol*, 288 Neb. at 160, 846 N.W.2d at 255. Thus, we turn to the question of whether the district court had jurisdiction and authority to enter the second order, modifying the location where Vences would serve his sentences for the two counts of negligent child abuse—from the Lincoln County jail to DCS.

[7-9] In *State v. Lessley*, 301 Neb. 734, 744, 919 N.W.2d 884, 891 (2018), the Nebraska Supreme Court stated:

> A sentence validly imposed takes effect from the time it is pronounced. When a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way, either during or after the term or session of court at which the sentence was imposed. Any attempt to do so is of no effect, and the original sentence remains in force. The circumstances under which a judge may correct an inadvertent mispronouncement of

a sentence are limited to those instances in which it is clear that the defendant has not yet left the courtroom; it is obvious that the judge, in correcting his or her language, did not change in any manner the sentence originally intended; and no written notation of the inadvertently mispronounced sentence was made in the records of the court.

Here, the district court imposed valid sentences for Vences' misdemeanor negligent child abuse convictions. We recognize that Neb. Rev. Stat. § 28-106(2) (Reissue 2016) provides, in pertinent part:

Sentences of imprisonment in misdemeanor cases shall be served in the county jail, *except that such sentences may be served in institutions under the jurisdiction of* [*DCS*] *if the sentence is to be served concurrently or consecutively with a term for conviction of a felony and the combined sentences total a term of one year or more.*

(Emphasis supplied.) However, this language is permissive. Thus, although the district court originally had the option to order Vences' sentences to be served under the jurisdiction of DCS, the court's order provided that Vences' sentences were to be served at the Lincoln County jail. Thereafter, the district court, in a subsequent order, attempted to modify the location where Vences' sentences were to be served. Because the court's original sentences imposed upon Vences were validly imposed, the only remaining question is whether the location at which a sentence is ordered to be served is a substantive part of the sentence. If it is, under existing law, the court is not at liberty to modify, amend, or reverse the sentence in any way.

During the hearing governing Vence's motion to modify his sentences, Vences conceded that if the location of the sentences is considered a substantive part of the sentencing order, the district court was not authorized to modify the order. However, Vences argued that although the term of the sentence is a substantive component of a sentencing order, the location where the sentence is ordered to be served is not. We disagree.

[10] In determining that the location of a sentence is a part of a sentencing order, we rely on three prior Nebraska Supreme Court decisions: *State v. Becker*, 304 Neb. 693, 936 N.W.2d 505 (2019); *State v. Wilcox*, 239 Neb. 882, 479 N.W.2d 134 (1992); and *State v. Sabala*, 210 Neb. 304, 313 N.W.2d 700 (1981). In *State v. Becker, supra*, the Nebraska Supreme Court analyzed whether plain error occurred in connection with a district court's failure to announce the location where the defendant's sentences would be served. The court held that because sentencing was governed by § 28-106(2), which statutorily required the sentences to be served in the county jail, the location was inherent in the order and there was no plain error in failing to explicitly state it in the court's order. Conversely, in *State v. Wilcox, supra*, where the applicable sentencing statute required a minimum term of 1 year in an institution under the jurisdiction of DCS, the Nebraska Supreme Court found that the district court committed plain error in sentencing the defendant to a term of less than 1 year in the county court detention center. Finally, in *State v. Sabala, supra*, the Nebraska Supreme Court affirmed the sentence of the district court that modified a county court order that had originally sentenced the defendant to serve his sentence in the county jail. In modifying the sentence, the district court found that the county court erred in not requiring the sentence to be served in an institution under the jurisdiction of DCS as required by statute and modified the sentence for the term of incarceration to be served in the statutorily required location. We find that these cases all stand for the proposition that the location of the sentence is a substantive part of a sentencing order.

Because the district court in this case had the discretion under § 28-106(2) to order Vences' misdemeanor sentences to be served under the jurisdiction of DCS but did not do so in its original order, the court's later attempt to modify the original validly imposed sentences was of no effect and Vences' original sentences remain in force.

## CONCLUSION

For the reasons stated above, we reverse the district court's decision, vacate its order nunc pro tunc, and remand the cause with directions to reinstate the original sentences imposed.

REVERSED AND VACATED, AND CAUSE
REMANDED WITH DIRECTIONS.